■ In the Matter of the Claim of AVERY GILLETTE, Respondent, against STAUB & SON et al., Appellants, and SPECIAL FUND FOR REOPENED CASES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which discharged the Special Fund for Reopened Cases under section 25-a. On March 25, 1940 the claimant was involved in an accident and sustained a back injury. As a result, he lost 15 weeks from work between March 25, 1940 and February 27, 1946 for which an award was made and on the latter date the case was closed with a lump-sum compromise settlement of $100. On June 5, 1952 the case was reopened on the basis of medical findings not present when the case was closed. It was thereafter closed on April 14, 1953 because of the nonappearance of the claimant. On February 11, 1954 while working for the same employer the claimant sustained a second injury to his back. The diagnosis made was that of a protruded intervertebral disc and on March 2, 1954 a hemilaminectomy was performed. The carrier did not controvert this accident and on April 5, 1954 it began payment of compensation. A hearing was held on May 13, 1954 at which time the Referee established accident and causal relation and made an award from February 12, 1954 to the date of the hearing. On May 25, 1954 the carrier filed a claim for reimbursement from the Special Fund under subdivision 8 of section 15 alleging as a previous physical impairment the injury of March 25, 1940. On May 19, 1954 the carrier wrote to a Dr. Brzustowicz who had examined the claimant before and after the accident of February, 1954, asking him if the injury of 1940 played any part in the claimant's disability. The doctor in his answer, dated June 11, 1954, stated that the injury of 1940 was partly responsible for the claimant's condition. Thereafter at various hearings awards were made from February 12 to April 23, 1954, from April 23 to December 31, 1954 and from December 31, 1954 to September 11, 1955. The award for the last period was made on September 27, 1955. On October 3, 1955 the carrier wrote the board stating that the reduced earnings rate had been improperly figured and that it was advancing compensation at the correct rate pending a proper apportionment of liability between the 1940 and the 1954 accidents. In the form attached thereto it was stated that compensation was paid to September 11, 1955 and that the date of the last payment was October 5, 1955. At a hearing on March 14, 1956 the previous awards were amended by finding that the claimant was not entitled to reduced earnings from December 31, 1954 to October 3, 1955 but an award was made from October 3, 1955 to January 1, 1956. At a hearing on July 24, 1956 the case was closed for failure to prosecute and at that time the carrier reserved its rights under section 25-a and subdivision 8 of section 15. It appears that the board on October 2, 1956 reopened both cases and restored them to the Referee's calendar. At a hearing on January 22, 1957 the carrier specifically raised the question of the responsibility of the Special Fund under 25-a. Thereafter the testimony of Dr. Brzustowicz was taken and the Referee discharged the Special Fund under 25-a. The claim for reimbursement under subdivision 8 of section 15 was also denied but that question is not involved on this appeal. The case was closed because of no lost time. The board affirmed, finding

that the payment of compensation with knowledge that the disability was partially due to the prior accident made section 25-a inapplicable. It also found that the 1940 accident played a part in the claimant's disability after October 3, 1955. The appellants contend that the finding of a payment of compensation as to the 1940 accident which relieved the Special Fund for Reopened Cases under 25-a from liability is without support in the record. The record in this case is very confusing and it is somewhat difficult to draw an orderly picture as to just what happened. There are, however, certain things which stand out and which indicate that the Special Fund was properly discharged. The Special Fund becomes liable when a claim is reopened more than seven years from the date of injury and more than three years from the date of the last payment of compensation. It would appear that the carrier here paid compensation to the claimant without protest after the 1954 accident and with knowledge that the 1940 accident played a part in the resulting disability. On May 25, 1954 the carrier filed a claim for reimbursement under subdivision 8 of section 15 alleging the prior injury. In order for the carrier to be entitled to reimbursement it would be necessary that the previous injury played a part in the resulting disability. Further there is the letter which the carrier received from Dr. Brzustowicz on June 11, 1954 stating that the 1940 accident was partially responsible for the claimant's condition. Despite this knowledge that the disability after the 1954 accident was due to both accidents the carrier continued to pay compensation and it was not until a letter dated October 3, 1955 that it stated that payments were being made pending an apportionment of the liability between the two accidents. When the 1954 case was closed on July 24, 1956 the carrier reserved its rights under 25-a and it was not until both cases were later reopened that the Special Fund for Reopened Cases was brought into the case. The carrier here was certainly guilty of delay in raising the question of the apportionment of liability and the liability of the Special Fund for the disability due to the 1940 accident. It knew that the issue was involved right after the February, 1954 accident and did not even mention the question until October, 1955. The carrier argues that the board found that the 1940 accident played a part in the claimant's disability only after October 3, 1955, that its last payment of compensation was made only up to September 11, 1955 and that therefore it made no payment of compensation as to the 1940 accident which would relieve the Special Fund. The respondent argues that the apportionment of liability should have begun on April 23, 1954, the date when total disability from the operation stopped and the claimant returned to work. The only medical testimony in the record is that of Dr. Brzustowicz and there is no support from him for the finding that the 1940 accident only played a part in the disability after October 3, 1955. He was of the opinion that the 1954 accident was only an aggravation of the 1940 injury and that the disability after the 1954 accident was practically the same as it was before. Thus it would seem that the board could only determine that the 1940 accident contributed to the claimant's disability after February 11, 1954 or at least after April 23, 1954, when the claimant recovered from the surgery and returned to work. Such being the case there would be no question but that compensation was paid by the carrier as to the 1940 accident and the Special Fund was properly discharged. Decision unanimously affirmed, with costs to the Special Fund for Reopened Cases. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.