■ In the Matter of BERNARD SCOPPO, Respondent, v. AMERICAN BRAKE SHOE Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed May 15, 1972. Claimant sustained two compensable back injuries, one on April 10, 1963, and the second on September 9, 1964. After the 1963 accident, claimant was disabled for 11 days and three additional days in June, 1963. X rays taken on June 26, 1963 showed a narrow disc space between the first and second lumbar vertebrae. The last payment was made on July 26, 1963, and the case was closed on December 20, 1963. Following the 1964 accident, claimant was disabled until September 21, 1964. He was again disabled on December 24, 1964, and had disc surgery in January, 1965, returning to

work in May, 1965. Thereafter, he had periods of disability in 1966, 1967 and 1968 for which he received benefits. A report of Dr. Lane who examined claimant on March 17, 1965 'concludes that the "initial injury was his most serious injury, and the episodes thereafter represent an aggravation of this difficulty which he never fully recovered from." Dr. Geib who performed surgery on claimant's back submitted reports to the board during 1967, 1968 and 1969 in which he gave the date of the accident as June 26, 1963. On June 13, 1969, the case for the 1964 accident was closed. Both cases were reopened December 15, 1970 on the basis of the report of Dr. Salamone, filed October 30, 1970, which indicated disability and necessity for hospitalization. On reopening, the carrier raised the issue of section 25-A of the Workmen's Compensation Law contending that more than seven years had elapsed since the date of the 1963 injury, and more than three years had elapsed since the date of the last payment of compensation in the 1963 case. Respondent, Special Fund, contends that, since payments were made in November, 1968, such payments were within the three-year period of the date of the application to reopen, and were payments on both cases because the carrier had been made aware of the contribution of the 1963 accident to claimant's disability. The board found that the carrier had knowledge of the previous accidental injury; that voluntary payments of compensation for combined disability were made following the second accident and within three years of the last payment of compensation; and that the Special Fund should be discharged from liability. The medical reports submitted during the period from 1963 to 1968 support the board's finding that claimant's disability for that period was due, in part, to the 1963 accident. There is substantial evidence in the record to establish that the carrier was made aware right after the 1964 accident that the 1963 accident contributed to claimant's disability, and that the payments made in the 1964 case were made for the combined disability resulting from both accidents, and the Special Fund was properly discharged. (*Matter of Gillette* v. *Staub & Son,* 8 A D 2d 896.) Decision affirmed, with costs to the Special Fund for Reopened Cases. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.