■ In the Matter of the Claim of PAMELA FELDER, Respondent, v CITY OF NEW YORK TRAFFIC LAW DEPARTMENT, Appellant. SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Casey, J.

The employer contends that the Special Fund for Reopened Cases should be responsible for any award in this case, which

---

was reopened more than three years after the case was closed and more than seven years after the date of the injury (*see,* Workers' Compensation Law § 25-a). The Workers' Compensation Board rejected this contention, affirming a hearing officer's decision which discharged the Special Fund. There must be an affirmance.

In discharging the Special Fund, the Board concluded that a prior application to reopen, filed in August 1976 and denied by a Board decision filed in October 1976, should have been granted based upon the physician's report which revealed a material change in condition. Since the Board has continuing jurisdiction over each case and may "make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just" (Workers' Compensation Law § 123), and since the prior application was made well within both the three-year and seven-year period specified in Workers' Compensation Law § 25-a, the Board's decision discharging the Special Fund has a rational basis and cannot be disturbed (*see, Matter of Martin v Bausch & Lomb,* 54 AD2d 1002). We note that the seven-year limitation contained in Workers' Compensation Law § 123 applies only in cases where a claim has been disallowed or disposed of without an award by the Board (*Matter of Sicurella v Fedders Quigan Corp.,* 35 AD2d 1036, 1037).

Decision affirmed, with costs to the Special Fund for Reopened Cases. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.