◼ In the Matter of the Claim of DONALD KLOUSE, Respondent, v CITY OF ALBANY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 177] —Mercure, J. Appeals from two decisions of the Workers' Compensation Board, filed June 25, 1991 and July 23, 1992, which, inter alia, discharged the Special Fund for Reopened Cases.

During claimant's employment as a firefighter with the City of Albany (hereinafter the employer), he sustained compensable back injuries on April 7, 1981 (case No. 58107472) and December 15, 1981 (case No. 58202157). Awards of workers' compensation benefits were made and the cases were closed on December 3, 1981 and April 20, 1983, respectively. Claimant sustained yet another compensable back injury on April 16, 1987 (case No. 58718871) and, on November 6, 1987, the

employer's consulting physician, Dominic Belmonte, issued a report which apportioned claimant's disability 25% to the current injury and 75% to preexisting back disease extending back over a period of 18 to 19 years. At a May 16, 1990 hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) directed that a request be made to reopen the two prior cases; on September 6, 1990 the Workers' Compensation Board reopened those cases and restored them to the Workers' Compensation Law § 25-a calendar to consider the issues of apportionment and section 25-a liability. By decision filed March 1, 1991, a WCLJ classified claimant as having a permanent partial disability and determined that the Special Fund for Reopened Cases was liable for the two earlier injuries. The Special Fund appealed.

By decision filed June 25, 1991 the Board reversed, holding that Belmonte's November 6, 1987 report should be considered a request to reopen the two 1981 cases less than seven years after the date of the accident, that Workers' Compensation Law § 25-a does not apply and that the Special Fund should be discharged. On July 24, 1991, Reliance Insurance Company, the employer's workers' compensation insurance carrier with respect to the two 1981 cases, sought full Board review of the June 25, 1991 Board decision upon the grounds that Reliance never received a copy of the Special Fund's appeal of the March 1, 1991 decision of the WCLJ and that Belmonte's November 6, 1987 report was insufficient to constitute an application to reopen; as a result, Reliance argues that the case was not reopened within the seven-year period set forth in Workers' Compensation Law § 25-a (1). By decision filed July 23, 1992, the request for full Board review was denied and the Board supplemented its June 25, 1991 decision with a finding, *inter alia,* that "Belmonte's 11/06/87 report, in referring to a chronic condition over 18 years, certainly includes the two accidents of 1981 which resulted in the claimant having back surgery in 01/82". The employer and Reliance appeal.

As a preliminary matter, it is uncontroverted that the Special Fund served the employer, who was self-insured at the time of the March 1, 1991 WCLJ's decision, with its March 11, 1991 application for Board review by service upon the employer's authorized agent, Fred S. James & Company. Although it appears that Reliance, not involved in the 1987 claim, was not initially provided with notice of the Special Fund's appeal, under Workers' Compensation Law § 54 (2) the employer's knowledge is imputed to the carrier *(cf., Matter of Nebenhaus*

*v Lydmark Corp.,* 79 AD2d 804). Further, any claimed prejudice to Reliance was eliminated by the Board's reconsideration of the appeal, following receipt of Reliance's detailed submission, and the Board's additional findings on the issue of whether Belmonte's November 6, 1987 report could be considered a request to reopen the two 1981 cases.

Turning now to the merits, we agree with the Special Fund that there was substantial evidence to support the Board's factual determination that an application was made to reopen the cases within seven years of the accidents *(see, Matter of Kane v Mohawk Data Sciences Corp.,* 140 AD2d 837; *Matter of Felder v City of New York Traffic Law Dept.,* 110 AD2d 966, *lv denied* 65 NY2d 611; *Matter of Russell v Carborundum Co.,* 105 AD2d 541, *lv denied* 64 NY2d 606). Although Belmonte's November 6, 1987 report does not make specific reference to the dates of the 1981 accidents, it does refer to the back surgery which was necessitated by the April 7, 1981 accident and states that the 1987 injury was "superimposed upon an 18-19 year history of chronic intermittent low back pain and *prior surgery for excision of a disc at the level of L5-S1 in 1981*" (emphasis supplied). Under the circumstances, the record provides ample support for the Board's findings and conclusion that, upon receipt of Belmonte's report, the employer should have applied to have the two 1981 cases reopened.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the decisions are affirmed, without costs.