■ In the Matter of the Claim of JOSEPH W. MITCHELL, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [617 NYS2d 223] — Crew III, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 24, 1992 and November 23, 1992.

On September 14, 1988 claimant, who was then employed as a service technician for his employer, New York Telephone Company, fell approximately 30 feet from a telephone pole while servicing a line and sustained various injuries. Although the self-insured employer initially made compensation payments to claimant, such payments ceased when a subsequent investigation allegedly revealed that claimant was engaged in construction work and, hence, appeared to no longer be disabled. At a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), an investigator hired by the employer testified regarding his observations of claimant, and photographs and a videotape purporting to depict claimant performing construction work were received in evidence. Claimant's brother, to whom claimant apparently bears some resemblance, testified that he was the person depicted in the photographs and videotape. At the conclusion of the hearing, the WCLJ credited the testimony and evidence presented by the employer and found that claimant was not disabled as of October 26, 1988 (the date the videotape was prepared).

Claimant thereafter applied for review by the Workers'

Compensation Board. Although not entirely clear from the record, it appears that this initial application was refused as an interlocutory appeal. The WCLJ thereafter made findings of accident and causal relationship, awarded benefits and closed the case. Claimant again applied for Board review, and a Board panel modified the WCLJ's decision to reflect that claimant had a causally related total disability and restored the matter to the trial calendar for development of certain issues. The employer then applied for full Board review contending, *inter alia,* that claimant's application for review should not have been entertained because it had not been served upon the employer. Claimant thereafter re-served his application for Board review, and the Board panel accepted claimant's application in the interest of justice and treated the employer's application for review as a response to claimant's application. The Board panel thereafter filed an amended decision which adhered to its prior decision in all relevant respects. These appeals by the employer followed.

Initially, we reject the employer's contention that it was denied due process based upon claimant's initial failure to serve it with the application for review. Although claimant was required to serve the employer with the application for Board review *(see,* 12 NYCRR 300.13 [a]), it appears that the employer was aware that claimant had attempted to obtain review of the WCLJ's interlocutory decision and, further, any claimed prejudice to the employer was eliminated by the Board's reconsideration of claimant's application for review following receipt of the materials submitted by the employer *(cf., Matter of Klouse v City of Albany,* 194 AD2d 941, 943).

As to the merits, the medical evidence submitted plainly establishes the nature and extent of claimant's disability, and the record as a whole provides substantial evidence to support the Board's findings. Although the employer did present evidence indicating that claimant had engaged in construction work during the period he was alleged to be disabled, there was also evidence presented by claimant that the individual depicted in the photographs and videotape was claimant's brother, and it was for the Board to determine which evidence to credit *(see generally, Matter of Schaff v Maunz Co.,* 144 AD2d 109, 110). The employer's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.