■ In the Matter of the Claim of BRAHIM VUKEL, Respondent, v NEW YORK WATER & SEWER MAINS, INC., et al., Respondents, and NEILSEN MECHANICAL CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [688 NYS2d 285] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 18, 1997, which directed the State Insurance Fund to commence payment of workers' compensation benefits to claimant.

As a result of injuries sustained during the course of his employment with a subcontractor on a construction project, claimant applied for workers' compensation benefits in June 1995. Public Service Mutual Insurance Company (hereinafter PSMIC), the subcontractor's workers' compensation insurance carrier, thereafter asserted that it had canceled its policy prior to claimant's injury. Based upon their potential liability if the subcontractor/employer was found to be uninsured at the time of claimant's injury (see, Workers' Compensation Law § 56),

the general contractor, Neilsen Mechanical Corporation, and its workers' compensation insurance carrier, the State Insurance Fund (hereinafter collectively referred to as the Fund), were given notice of the hearing on PSMIC's cancellation claim. At the hearing, the only witness was PSMIC's underwriter, who testified about the procedures followed in canceling the employer's policy for nonpayment of premiums. The policy premiums were to be paid pursuant to a financing agreement whereby the finance company paid PSMIC and the employer paid the finance company. According to the underwriter, the finance company requested that PSMIC cancel the policy as a result of the employer's failure to make the required payments to the finance company.

Based upon the absence of documentary evidence regarding nonpayment and the underwriter's concession that the finance company may have paid PSMIC despite the absence of a payment by the employer to the finance company, the Workers' Compensation Law Judge (hereinafter WCLJ) found that the cancellation was not for nonpayment and that, therefore, PSMIC's failure to give 30 days' notice of cancellation rendered the cancellation ineffective (see, Workers' Compensation Law § 54 [5]), leaving PSMIC liable on claimant's claim. PSMIC timely filed an application for review by the Workers' Compensation Board, but failed to serve a copy of the application on the Fund. Concluding that PSMIC had properly canceled the policy, a three-member Board panel unanimously reversed the WCLJ's decision and directed the Fund to commence payment of benefits to claimant. The Fund appeals.

The Fund contends that the Board could not reverse the WCLJ's decision in the absence of PSMIC's compliance with the requirement of 12 NYCRR 300.13 (a) regarding notice to interested parties. That requirement is clearly not jurisdictional because the Board has the discretionary authority to suspend or modify the application of the rule (see, Matter of Gulitz v International Bus. Machs. Corp., 130 AD2d 874, 875). The Fund's due process claim is also unavailing, because it was not prejudiced by the lack of notice. The Board's decision was based on its review of the hearing before the WCLJ and, therefore, the Fund's arguments were preserved by virtue of having been raised at that hearing. In addition, the Fund had the right to apply for full Board review of the Board panel's decision (see, Matter of Gullo v Southern Erie Clinical Servs., 258 AD2d 689), which would have given the Fund the opportunity to have the full Board consider whether the lack of notice and

the Fund's arguments on the merits warranted further review,* thereby eliminating any claimed prejudice (*cf., Matter of Mitchell v New York Tel. Co.*, 208 AD2d 982, 983). In these circumstances, PSMIC's failure to serve the Fund with a copy of the application for Board review does not require judicial interference with the Board's decision.

In reaching its decision on the merits, the Board panel necessarily credited the testimony of PSMIC's underwriter that the finance company had requested cancellation as a result of the employer's nonpayment of installments. Based upon that testimony, the Board concluded that the cancellation was for nonpayment of premiums, which did not require 30 days' notice of cancellation. In view of the Board's broad authority to resolve factual issues based on credibility of witnesses and to draw any reasonable inferences from the evidence in the record (*see, Matter of Hercules v United Artists Communications*, 176 AD2d 998, 999), there is no basis to disturb the Board's findings regarding the reason for the cancellation.

The Fund's remaining arguments have been considered and found lacking in merit.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* In its brief, PSMIC contends that the Fund made such an application for full Board review and did not appeal from the denial of that application. The record contains no reference to such an application or the denial thereof and, therefore, we express no view regarding its effect.