■ In the Matter of the Claim of MARK DUMONT, Respondent, v NESTLE COMPANY, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 357] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 11, 1999, which discharged the Special Fund for Reopened Cases from liability pursuant to Workers' Compensation Law § 25-a.

Claimant was awarded workers' compensation benefits in connection with a lower back sprain he sustained during the course of his employment on October 2, 1984. Associated Indemnity Corporation was the employer's workers' compensation insurance carrier at the time of the incident. The case was closed on February 22, 1985 with the last payment being made on March 18, 1985.

Claimant subsequently sustained another back injury during the course of his employment in March 1990. Frank Bersani, an orthopedic surgeon, examined claimant on behalf of the current employer's workers' compensation carrier, Kemper Insurance Company, and, by medical report dated June 12, 1990, noted that claimant began having problems with his back four years ago while dumping 100-pound bags at work. Bersani apportioned claimant's disability as 50% due to the March 1990 incident and 50% due to previous back problems.

In August 1994, Kemper sought to reopen the decision pertaining to claimant's 1990 injury on the issue of apportionment based upon Bersani's June 12, 1990 medical report. The Workers' Compensation Board reopened the 1984 case relating to the 1984 injury on the ground that Bersani's report was a request to reopen and discharged the Special Fund for Reopened Cases from liability pursuant to Workers' Compensation Law § 25-a. This appeal by the employer and Associated Indemnity ensued.

Pursuant to Workers' Compensation Law § 25-a (1), "when an application for compensation is made by an employee * * *

and the employer has secured the payment of compensation * * * after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation, * * * if an award is made it shall be against the special fund" (*Matter of Sartwell v Hercules, Inc.*, 262 AD2d 766, 767). We find no reason to disturb the Board's finding that the medical report which describes a change in claimant's condition was sufficient to constitute an application to reopen the 1984 claim (*see, Matter of Klouse v City of Albany*, 194 AD2d 941; *see also, Matter of Loiacono v Sears, Roebuck & Co.*, 230 AD2d 351, 354). Here, Bersani's medical report, clarified by his deposition testimony, specifically apportioned 50% of claimant's disability to a prior work-related injury notwithstanding that it failed to explicitly mention the 1984 back injury. Inasmuch as Bersani's medical report was filed with the Board within seven years from the date of the 1984 injury, substantial evidence supports the Board's conclusion discharging the Special Fund from liability, regardless of the fact that the 1984 claim was not reopened until after the lapse of seven years (*see, Matter of Klouse v City of Albany, supra*).

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.