■ In the Matter of the Claim of SUSAN G. MARTIN, Appellant, v FULTON CITY SCHOOL DISTRICT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 676] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 28, 2001, which ruled that claimant did not sustain a causally related injury and denied her claim for workers' compensation benefits.

Claimant, an eighth grade English teacher, began to suffer from numerous physical ailments including headaches, sinus congestion, difficulty breathing, nose bleeds, an episodic cough and an exacerbation of her preexisting allergies. The commencement of these symptoms appeared to coincide with her assignment to a newly constructed school building that had problems with its indoor air quality from the time it opened in 1986. The employer made repeated attempts over the ensuing years to remedy the building's poor ventilation, dampness and mold growth. In February 1998, claimant's physician diagnosed her as suffering from chronic rhinosinusitis and upper airway irritation resulting from exposure to dust and mold in her work environment. Claimant did not return to work after the 1998 school year ended and thereafter applied for workers' compensation benefits.

Following a hearing, the Workers' Compensation Law Judge ruled in favor of claimant, finding that she had developed a causally related occupational disease and granting her claim for benefits. On appeal, a panel of the Workers' Compensation Board reversed this decision on the ground that claimant's condition did not constitute an "occupational disease" within the meaning of Workers' Compensation Law § 2 (15). It did not address claimant's contention that she had sustained a compensable accidental injury.

We are in agreement with the Board's ruling that the circumstances presented here do not support a finding of "occupational disease" in that claimant's disability did not arise from "some distinctive feature of her employment" as a teacher (*Matter of Bryant v City of New York*, 252 AD2d 777, 777, *lv denied* 92 NY2d 813), but was instead the result of "a specific condition peculiar to [her] place of work" (*Matter of Mack v County of Rockland*, 71 NY2d 1008, 1009). This is a point that claimant appears to concede. Counsel for claimant argued before the Board that although her disability might not be an occupational disease, it could accurately be characterized as an accidental injury within the meaning of the Workers' Compensation Law. This Court has previously held that the exacerbation of a claimant's symptoms by exposure to tainted air in the workplace may constitute a compensable accidental injury (*see Matter of Taylor v Niagara Mohawk Power Corp.*, 293 AD2d 832; *Matter of Baxter v Bristol Myers*, 251 AD2d 753, 754). In any event, once this issue was raised, the Board was obliged to address it (*see Matter of Morgan v Olean City School Dist.*, 292 AD2d 694; *Matter of Leventer v Yeshiva of Flatbush*, 257 AD2d 903). As it failed to do so, this matter is reversed and remitted to the Board for its resolution of the issue of whether claimant has established a compensable accidental injury.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.