■ In the Matter of the Claim of LOUIS DERITIS, Respondent, v NEW TECH ENERGY SYSTEMS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [761 NYS2d 536] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 4, 2002, which ruled that claimant's accident arose out of and in the course of his employment.

Claimant, an outside employee who was also a co-owner and president of the employer, was seriously injured in a one-vehicle motorcycle accident as he was returning from a job site late in the evening of May 26, 2000. The employer's workers' compensation carrier controverted claimant's claim for benefits on the ground, among others, that claimant's accident did not arise out of or in the course of his employment. After several continuances, the case was set down for a "preliminary expedited hearing conference" for the purpose of identifying outstanding issues and scheduling witnesses. At this hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) denied the carrier's request to schedule witnesses because the carrier's counsel was unable to identify specific witnesses or to

make an offer of proof as to their expected testimony. The WCLJ then found that claimant's accident had arisen out of his employment. The carrier sought review of this decision by the Workers' Compensation Board, contending that it had been denied due process by the WCLJ's decision to preclude its witnesses. The Board affirmed the WCLJ's decision establishing the claim, but did not specifically address the carrier's due process argument. The employer and carrier appeal.

In this case, the Board found, and the employer and carrier concede, that the limited record before it provides substantial evidence to support the WCLJ's decision establishing the claim. However, the carrier's application for Board review did not challenge the evidentiary support for the WCLJ's finding, but rather claimed only that the WCLJ's preclusion of its witnesses was a denial of due process. "[O]nce this issue was raised, the Board was obligated to address it" (*Matter of Martin v Fulton City School Dist.*, 300 AD2d 901, 902 [2002]; *see Matter of Morgan v Olean City School Dist.*, 292 AD2d 694 [2002]). While the Board did note that the carrier presented no evidence to rebut claimant's testimony that the accident occurred as he was returning from a job site, we cannot say that this acknowledgment of the consequences of the WCLJ's witness preclusion demonstrates that the Board considered and addressed the carrier's claim. In our view, the Board's failure to specifically address the due process claim raised in the carrier's application for review requires reversal of the Board's decision and remittal of this matter to the Board for its resolution of this issue (*see id.*).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.