Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed April 1, 2002, as amended by decision filed April 15, 2002, which ruled that CBI Services, Inc. was the employer in whose employ decedent was last exposed to asbestos.
Decedent retired after working from 1966 to 1989 for various employers installing and removing insulation containing asbestos. In 1997, he was diagnosed with lung cancer and he filed a claim for workers’ compensation benefits, alleging that his lung cancer was due to injurious exposure to asbestos in 1975 while he was employed by Insulation Distributors, Inc. (hereinafter IDI). By decision filed March 23, 1999, a Workers’ Compensation Law Judge (hereinafter WCLJ) found occupational disease, notice and causal relationship for decedent’s lung cancer, set February 21, 1997 as his date of disablement, and directed that, pending further proceedings, benefits be paid by the workers’ compensation carrier for IDI (see Workers’ Compensation Law § 25 [1] [f]).
The Workers’ Compensation Board reviewed decedent’s claim and affirmed the WCLJ’s findings. Noting, however, that a different carrier might be liable if decedent did not suffer from a dust disease (compare Workers’ Compensation Law § 44-a [assigning liability to employer at time of worker’s last exposure to injurious dust], with Workers’ Compensation Law § 44 [assigning liability to last employer where worker’s employment was in the nature of that which caused the disease]), the Board *741 returned the case to the trial calendar for further development of the record on the issue of dust disease and to identify the carrier or carriers on risk.
After obtaining a partial settlement of a third-party action consented to by the carrier for IDI, decedent died in November 1999. Claimant, decedent’s widow, then filed this claim for death benefits. On December 11, 2001, in separate but identical decisions on the disability and death claims, the WCLJ took no further action on the disability claim due to the third-party settlement, established accident, notice and causal relationship for death due to lung cancer from exposure to asbestos, and, in the death claim, concluded that the medical evidence did not support a finding that decedent suffered from asbestosis, a dust disease. The WCLJ also found that decedent’s last exposure to asbestos was during his employment with CBI Services, Inc. from December 1987 to November 1989 and held CBI’s carrier at that time, National Union Fire Insurance Company, liable on the death claim.
CBI, National Union and its administrator, Crawford & Company, requested that the death claim be reopened because National Union and Crawford & Company allegedly had not received notice and an opportunity to be heard. In an April 2002 amended decision, the Board denied the request and found CBI to be liable on the death claim because the medical evidence did not support a finding of asbestosis and CBI was the employer who last employed decedent “in the employment to the nature of which the disease was due” (Workers’ Compensation Law § 44). It also accepted Crawford & Company’s argument that liability should attach to CBI’s carrier on the date of decedent’s disablement, which carrier had not yet been identified. This appeal by CBI and National Union ensued.
Initially, we find no merit in the contention that CBI and National Union were deprived of due process by the alleged failure to place National Union and Crawford & Company on notice before the WCLJ assessed liability on claimant’s death claim in 2001. Workers’ Compensation Law § 54 (2) provides that “notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge . . . on the part of the insurance carrier” (see Matter of Klouse v City of Albany, 194 AD2d 941, 942 [1993]). The record reflects that CBI was identified as a potentially liable employer at a hearing in September 1998 and notices of subsequent proceedings were sent to CBI. Beginning in 1998, notices were also sent to National Union, albeit in care of another of its third-party administrators. While National Union may not have received *742 the notices because its address or its administrator of record was incorrect, the Board reasonably requires employers and carriers to ensure that correct addresses are on file (see e.g. Matter of Rite Aid Corp., 2003 WL 1958491 [WCB Nos. 6930 8433, 6980 0396, Apr. 16, 2003]; Matter of Marbro Realty Corp., 2002 WL 31497207 [WCB No. 0983 3375, Nov. 5, 2002]). Thus, we find no error in the imputation of notice to National Union (see Workers’ Compensation Law § 54 [2]) and there is no requirement that additional notice be given to its third-party administrator (see Matter of Mount Sinai Hosp., 2003 WL 21545656 [WCB No. 0941 1066, July 7, 2003, ]; Matter of Tully Constr. Co., 2001 WL 1010769, *1 [WCB No. 2000 6157, Aug. 9, 2001] [“Notice to one is notice to all.”]; compare Matter of TCI of Brookhaven, 1999 WL 33267196 [WCB No. 2971 7756, Dec. 8, 1999] [WCLJ decision rescinded where third-party administrator requested, but was not given, notice of subsequent proceedings]).
We also reject the argument that the Board’s finding of liability on the part of CBI and National Union is unsupported by substantial evidence or inconsistent with its earlier findings as to decedent’s disability claim. Significantly, in the disability case, the issue of which employer and carrier were liable was never finally resolved. Thus, on the death claim, when the medical evidence failed to support a finding that decedent suffered from a dust disease, the Board properly ascertained the liable employer and carrier pursuant to Workers’ Compensation Law § 44 rather than section 44-a (see Matter of Matice v Groveton Papers Co., 85 AD2d 841, 842-843 [1981], lv denied 57 NY2d 601 [1982]). Moreover, while we agree that there is no evidence that decedent had an injurious exposure when he last worked with asbestos insulation in 1989, such a contention has no relevance to the determination of liability pursuant to Workers’ Compensation Law § 44. Decedent’s testimony before his death indicated that he had worked with asbestos while employed by CBI in that year. Thus, the Board’s finding that CBI was the last employer who did the kind of work that caused decedent’s lung cancer has a rational basis and is supported by substantial evidence.
Lastly, inasmuch as decedent’s settlement of his third-party personal injury claim related only to his disability claim, which is separate and distinct from claimant’s application for death benefits (see Martin v Agway Petroleum Corp., 161 AD2d 1129, 1130 [1990]), there is no merit whatsoever to the contention that CBI and National Union should be discharged from liability because they did not consent to the settlement.
*743 Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.