■ In the Matter of the Claim of FLETA M. CLARK, Respondent, v SUNY UPSTATE MEDICAL CENTER et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [901 NYS2d 431]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed November 24, 2008, which directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases.

Claimant injured her back while working for the employer in 1994. She initially had compensable lost time but, in March 1997, a Workers' Compensation Law Judge authorized treatment and closed the case. Further work-related injuries in 2001 and 2003 also resulted in the payment of workers' compensation benefits, beginning in 2003. The 1994 claim was reopened in 2004, when a hearing was held to determine, among other things, whether apportionment between the various claims was appropriate.* The Special Fund for Reopened Cases was then placed on notice that it may be required to assume liability for the 1994 claim pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board ultimately determined that it should be, and the Special Fund now appeals.

We affirm. Liability for a claim shifts to the Special Fund where a workers' compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation (see Workers' Compensation Law § 25-a; Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc., 61 AD3d 1293, 1294 [2009]; Matter of Hartwell v Amphenol Interconnect Prods., 51 AD3d 1245, 1246-1247 [2008]). Both of those time limits, on the face of the record, were satisfied; the Special Fund, however, argues that the employer's workers' compensation carrier voluntarily paid benefits it knew were attributable to the 1994 claim in the three years prior to reopening. The carrier received

---

* The Workers' Compensation Board found that the 1994 claim was reopened in 2007; the record reflects, and the parties agree, that it was actually reopened in 2004.

the November 2003 report of an orthopedic surgeon who examined claimant and opined that the 1994 accident was partially responsible for her ongoing disability. Although the carrier did subsequently pay benefits under both the 2001 and 2003 claims, it also raised the issue that the Special Fund may be liable for any portion attributable to the 1994 claim, and the Special Fund was notified of its potential liability (*see* Workers' Compensation Law § 25 [1] [f]). As substantial evidence in the record thus supports a finding that the carrier did not voluntarily assume liability for payments attributable to the 1994 claim, the Board appropriately followed the spirit and purpose of Workers' Compensation Law § 25-a to shift liability of that stale claim to the Special Fund (*see Matter of Early v New York Tel. Co.*, 57 AD3d 1341, 1343 [2008]; *Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 874-875 [2008]; *cf. Matter of Scoppo v American Brake Shoe Co.*, 43 AD2d 603, 604 [1973]; *Matter of Gillette v Staub & Son*, 8 AD2d 896, 896-897 [1959]).

We have considered and rejected the Special Fund's remaining argument.

Peters, J.P., Rose, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.

