■ In the Matter of the Claim of Susan Sauers, Respondent, v K-Mart Corporation et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent. [934 NYS2d 247]—

Rose, J.

Claimant sustained a work-related injury to her lower back on April 1, 2002, and began treating with a chiropractor in May 2002. The injury was established and awards for lost time from work were directed from June 2002 until October 2002. Claimant then returned to work with lifting restrictions and, in January 2003, she returned to work full time without restrictions. Her treating neurosurgeon, Douglas Moreland, indicated that surgery was not recommended at that time.

Almost seven years after the accident, in January 2009, claimant returned to Moreland for further treatment due to increasing pain that was no longer relieved by chiropractic therapy. After ordering and reviewing a new MRI and X rays, Moreland filed a report dated March 17, 2009 with the Workers' Compensation Board wherein he stated that claimant was experiencing fairly constant and chronic lower back pain that radiated down her right leg and was now interfering with her quality of life. He formally requested authorization from the employer's workers' compensation carrier to perform surgery.

Authorization was granted on March 19, 2009, but when

claimant returned to the neurologist's office for a re-evaluation on April 7, 2009, she indicated that her symptoms had subsided after taking steroids and it was determined that surgical intervention would be deferred while her condition was monitored. Moreland reexamined claimant on June 2, 2009 and opined that her pain had recurred due to the steroids having worn off. He noted that claimant was reconciled to the fact that she would need surgery, and claimant testified that she did plan on having the surgery.

On April 7, 2009, the carrier filed a request with the Board seeking a determination that Workers' Compensation Law § 25-a applied and, therefore, liability for any of claimant's medical treatment shifted to the Special Fund for Reopened Cases. After a hearing, a Workers' Compensation Law Judge found that the statute did not apply and, upon review, the Board affirmed upon a finding that Moreland's report reopened the case within the statutory time frame. The application of the employer and its workers' compensation carrier (hereinafter referred to as the employer) for full Board review was subsequently denied. The employer now appeals from both decisions, contending that Moreland's report was insufficient to reopen the case and, if it did result in reopening, the case was again truly closed two days later upon authorization of the surgery.

Workers' Compensation Law § 25-a allows liability for workers' compensation payments to be shifted to the Special Fund when an application to reopen a closed case is made after a lapse of seven years from the date of the injury and three years from the date of the last payment of compensation (see Workers' Compensation Law § 25-a; *Matter of Gregorec v Brenners Furniture Co., Inc.*, 68 AD3d 1301, 1302 [2009]). While we find no basis to disturb the Board's finding that Moreland's report sufficiently describes a change in claimant's condition so as to reopen her claim within the seven-year period (see *Matter of Dumont v Nestle Co.*, 286 AD2d 804, 805 [2001]), we agree with the employer that the Board failed to address the issue of whether the matter was truly closed once the surgery was authorized (see e.g. *Matter of Rathbun v D'Ella Pontiac Buick GMC, Inc.*, 61 AD3d 1293, 1294 [2009]; *Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 959-960 [2007]). The Board's failure to specifically address the claim of true closure raised by the employer as part of its application for review requires reversal of the Board's decision and remittal for resolution of this issue (see *Matter of Deritis v New Tech Energy Sys.*, 306 AD2d 773, 774 [2003]; *Matter of Martin v Fulton City School Dist.*, 300 AD2d 901, 902 [2002]). Our decision renders the ap-

peal from the request for full Board review academic (*see Matter of Tipping v Orthopedic Surgeons of Long Is.*, 68 AD3d 1224, 1226 [2009]).

Spain, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the decision filed March 17, 2010 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the decision filed January 18, 2011 is dismissed, as academic, without costs.