■ In the Matter of the Claim of BARBARA CANFORA, Respondent, v GOLDMAN SACHS GROUP, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [939 NYS2d 768]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 3, 2010, which, among other things, transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant suffered a work-related injury on May 2, 2001 and was awarded workers' compensation benefits. On May 29, 2008, the employer's workers' compensation carrier requested that liability be transferred to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Ultimately, the Workers' Compensation Board transferred liability to the Special Fund effective May 30, 2006, which is two years prior to the date of the carrier's application, but within seven years of the date of injury. The Special Fund now appeals.

Pursuant to Workers' Compensation Law § 25-a, "[l]iability for a claim shifts to the Special Fund where a workers'

compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation" (*Matter of Clark v SUNY Upstate Med. Ctr.*, 73 AD3d 1408, 1408 [2010]). Further, "[a]ny award which shall be made against such [S]pecial [F]und . . . upon such an application for compensation or death benefits shall not be retroactive for a period of disability or for death benefits longer than the two years immediately preceding the date of filing of such application" (Workers' Compensation Law § 25-a [1]; *see Matter of Ferraro v Nathan & Co.*, 84 AD2d 621 [1981]).

Here, it is uncontested that the carrier's application was filed more than seven years after the date of injury and three years from the last payment of compensation. The sole issue on appeal is the proper date for liability to be transferred to the Special Fund. The Board transferred liability retroactive to May 30, 2006, which was two years prior to the date the carrier filed its application. The Special Fund had argued that this is precluded by Workers' Compensation Law § 25-a, inasmuch as May 30, 2006 falls within seven years of the date of the underlying injury. The Board rejected this argument, concluding that once the statutory time limits regarding the date of injury and last payment of compensation have been met, Workers' Compensation Law § 25-a does not preclude a transfer of liability retroactive to a time period within seven years of the underlying injury.

"It is well settled that [a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Baiju [Commissioner of Labor]*, 79 AD3d 1512, 1513 [2010] [internal quotation marks and citations omitted]; *see Matter of Norcross v Camden Cent. School*, 78 AD3d 1339, 1339 [2010]). The Board has previously determined that, although the effective date of liability may be made retroactive up to two years from the date of the application to reopen, "said look-back period remains limited by the provisions of [Workers' Compensation Law § ] 25-a, which requires that both the [seven]-year and [three]-year periods set forth therein have expired before [the] Special Fund[ ] may properly assume liability on the claim" (*Employer: Sagamore Hotel*, 2011 WL 5189477, \*2 [WCB No. 59608835, Apr. 20, 2011]). Consequently, the Board determined that liability may not be transferred until "the first date, within the look-back period, where both the [seven]-year and [three]-year periods had expired" (*Employer: Sagamore Hotel*, 2011 WL

5189477, at *2). Inasmuch as the Board has not, in the instant matter, provided a rational explanation for departing from its own precedent, the decision must be reversed (*see Matter of Norcross v Camden Cent. School*, 78 AD3d at 1340; *Matter of Huff v Department of Corrections*, 52 AD3d 1003, 1005 [2008]).

Mercure, A.P.J., Rose, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.