■ In the Matter of the Claim of MARIE SIMPSON, Respondent, v NASSAU EXTENDED CARE CENTER et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [953 NYS2d 716]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed August 10, 2011, which transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant initially sustained a back injury in September 2002 in her capacity as a nurse's aide for the employer and received lost time benefits for a period between September 2002 and December 2002. Claimant sustained another work-related injury to her back in September 2005 for which she received wage replacement benefits for a period from September 2005 to October 2005. In January 2009, claimant suffered yet another causally-related back injury and was awarded compensation benefits for two periods between February 2009 and October 2010. In July 2009, the report from an independent medical examination by orthopedist Arnold Illman—procured by the employer and Liberty Mutual Insurance Company, the employ-

---

er's workers' compensation carrier on the 2009 claim—opined that claimant's injuries should be apportioned 33⅓% each to her 2002, 2005 and 2009 injuries.

Subsequently, Healthcare Industry Trust of New York, the employer's workers' compensation carrier at the time of claimant's 2002 injury, raised the issue of Workers' Compensation Law § 25-a with regard to that claim. Ultimately, the Workers' Compensation Board found that the 2002 claim was subject to Workers' Compensation Law § 25-a, transferred liability to the Special Fund for Reopened Cases and discharged Healthcare Industry Trust. The Special Fund now appeals.

We reverse. Pursuant to Workers' Compensation Law § 25-a (1), an award may only be made against the Special Fund when an application for compensation is made after a lapse of seven years from the date of an injury and three years from the date of the last payment of compensation (*see Matter of Canfora v Goldman Sachs Group, Inc*, 93 AD3d 988, 988-989 [2012]; *Matter of Sauers v K-Mart Corp.*, 90 AD3d 1101, 1102 [2011]). Significantly, this Court has consistently held, as has the Board, that the filing of a medical claim that apportions liability to a prior claim constitutes an application to reopen the prior claim (*see Matter of Dumont v Nestle Co.*, 286 AD2d 804, 804-805 [2001]; *Matter of Klouse v City of Albany*, 194 AD2d 941, 942-943 [1993]; *Employer: Farmington Disposal Serv.*, 2012 WL 1454197, *2, 2012 NY Wrk Comp LEXIS 3002, *5 [WCB 7010 7662, Apr. 18, 2012]; *Employer: Kaleida/Millard Fillmore*, 2010 WL 3317045, *3, 2010 NY Wrk Comp LEXIS 7132, *9 [WCB 8020 0270, 8070 5673, Aug. 18, 2010]). Here, Illman's report, which was based on a review of claimant's medical records and physical examination, unequivocally states that claimant's current injuries should be apportioned 33⅓% to the 2002 claim. The record establishes that the report was submitted to the Board in July 2009, within seven years of claimant's September 2002 injury. Absent an explanation by the Board regarding its departure from its own precedent (*see Matter of Canfora v Goldman Sachs Group, Inc.*, 93 AD3d at 989-990), the Board erred in determining that Illman's report did not constitute an application to reopen the 2002 claim and, thus, liability should not have been transferred to the Special Fund.

Rose, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.