Rose, J.E
Appeal from a decision of the Workers’ Compensation Board, filed November 15, 2012, which transferred liability to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a.
In August 2003, claimant suffered an injury to her back while working for Valu Home Centers, Inc. In 2005, she was awarded workers’ compensation benefits for the period from August 2003 to December 2003, and no further action was planned. She injured her back again in 2009, while working for Spectrum Human Services, and a new claim for workers’ compensation was established. Pursuant to that claim, an independent medical examination of claimant was conducted in September 2009 and the examiner opined that claimant’s condition should be apportioned 50% to the 2009 injury and 25% to the 2003 injury, with the remaining apportionment attributed to injuries that claimant suffered in two motor vehicle accidents that occurred between 1999 and 2001. In 2011, claimant underwent back surgery and, in 2012, Spectrum’s workers’ compensation carrier filed a request for further action, raising the issue of apportionment with the 2003 claim. Valu’s workers’ compensation carrier then sought to shift liability for the 2003 claim to the Special Fund for Reopened Cases. Finding that there had been no request to reopen the 2003 claim, the Workers’ Compensation Board transferred liability to the Special Fund, and the Special Fund now appeals.
We reverse. Pursuant to Workers’ Compensation Law § 25-a, “[Liability for a claim shifts to the Special Fund where a workers’ compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation” (Matter of Clark v SUNY Upstate Med. Ctr., 73 AD3d 1408, 1408 [2010]; accord Matter of Canfora v Goldman Sachs Group, Inc., 93 AD3d 988, 988-989 [2012]). Notably, the filing of a medical report in a claim that apportions liability to a prior claim has been found to constitute an application to reopen the prior claim (see Matter of Simpson v Nassau Extended Care Ctr., 100 AD3d 1099, 1100 [2012]; Matter of Dumont v Nestle Co., 286 AD2d 804, 805 [2001]; see also Employer: Nassau Extended Care Ctr., 2012 WL 6063712, *2-3, 2012 NY Wrk Comp LEXIS 09908, *6-7 [WCB No. 2020 8777, Nov. 29, 2012]). Here, the medical report apportioning 25% liability to the 2003 claim was submitted to the Board in September 2009, within seven years of the date of the injury underlying that claim. Accordingly, the Board’s determination that there had not been a request to reopen the 2003 *1054 claim within seven years of the underlying injury is not supported by substantial evidence and, therefore, liability for the claim should not have been transferred to the Special Fund.
Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.