McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 15, 2012, which, among other things, ruled that the employer’s application for review of a Workers’ Compensation Law Judge’s decision was, among other things, untimely.
Claimant began working for the employer as a delivery person and was injured en route to a delivery shortly thereafter. He suffered injuries to his neck, back, ankle, foot and both legs. Claimant filed an application for workers’ compensation benefits. Following a hearing, the Workers’ Compensation Law Judge (hereinafter WCLJ) determined that an employment relationship existed between claimant and the employer, established claimant’s average weekly wage and found that he had suffered a work-related injury to certain body parts. By decision filed in Januaiy 2010, the WCLJ ordered an award to claimant, required the employer to pay continuing wage and medical benefits, and imposed a penalty on the employer for his failure to maintain insurance.
The employer submitted an application for Board review dated July 22, 2010 seeking review of the WCLJ decision pursuant to Workers’ Compensation Law § 23 and 12 NYCRR 300.13. He also submitted an application for Board review dated August 10, 2010 seeking rehearing or reopening of the claim pursuant to 12 NYCRR 300.14. Additionally, he submitted a request for further action, dated July 26, 2011, along with a report by an independent medical expert. By decision dated March 15, 2012, the Board upheld the WCLJ’s decision and denied the employer’s applications based upon, at least in part, timeliness grounds. The employer appeals.
We reverse and remit because the Board did not fully consider the employer’s applications (see Matter of Sauers u K-Mart Corp., *1165 90 AD3d 1101, 1102 [2011]; Matter ofDeritis v New Tech Energy Sys., 306 AD2d 773, 774 [2003]). The Board decision states that the employer filed an application on October 18, 2010. The record does not contain an application dated October 18, 2010, and the filing dates are not noted on any of the employer’s three applications that are in the record. It appears that the Board only considered one application filed by the employer, but it is not clear which application that was and why the Board did not consider the other applications.* Indeed, the Board admits in its brief — without explanation — that it “overlooked” the employer’s July 26, 2011 request. Based on the employer’s concession in his briefs and at oral argument that he was not attempting to appeal the WCLJ’s decision or relying on Workers’ Compensation Law § 23, but was attempting to reopen the claim pursuant to 12 NYCRR 300.14, the Board need only address these narrow arguments when it considers the employer’s applications upon remittal.
Stein, J.E, Spain and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

 All three of the employer’s applications are included in the record, which was settled by the Board upon the parties’ inability to agree as to what documents should be included. Thus, all three applications must have been included in the Board’s file.