## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 29, 2015                518110
_____

In the Matter of the Claim of
   JAMES WETTERAU,
                        Claimant,

        v

CANADA DRY et al.,
                        Respondents,
        and                              MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
   CASES,
                        Appellant.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for appellant.

        Jones Jones, LLC, New York City (Sarah Thomas of counsel),
for Canada Dry and another, respondents.

_____

Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 11, 2013, which, among other things, ruled that
liability shifted to the Special Fund for Reopened Cases pursuant
to Workers' Compensation Law § 25-a.

On December 3, 1999, while working as a warehouse manager for the employer, claimant injured his back when he slipped and fell against the bumper of a truck. He filed a claim for workers' compensation benefits and, after having back surgery, he returned to work. A Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related injury to claimant's back and awarded him benefits. The WCLJ closed the case on September 27, 2000.

Thereafter, on July 16, 2005, while working for the same employer, claimant stepped backwards on a pallet and again injured his back. He filed a second claim for workers' compensation benefits. A WCLJ established the claim for work-related injuries to claimant's back and left ankle, awarded him benefits and ultimately classified him, in August 2008, as permanently partially disabled. The workers' compensation carrier continued to make payments on the 2005 claim thereafter.

Both claims were subsequently reopened and a hearing was conducted on May 3, 2012 to consider the issues of apportionment between the two claims and the carrier's request for relief under Workers' Compensation Law § 25-a with respect to the 1999 claim. Following this hearing, the WCLJ concluded that Workers' Compensation Law § 25-a was applicable and that the 1999 claim was the liability of the Special Fund for Reopened Cases, not the carrier.[1] The Workers' Compensation Board affirmed this decision and the Special Fund now appeals.

Workers' Compensation Law § 25-a (1) provides, in relevant part, that "when an application for compensation is made by an employee . . . after a lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation, . . . if an award is made it shall be against the special fund" (see Matter of Ercole v New York State Police, 118 AD3d 1211, 1211-1212 [2014]; Matter of Thurston v Consolidated Edison Co. of N.Y., 115 AD3d 1143, 1144 [2014]).

---

[1] The WCLJ did not make a substantive ruling on the apportionment issue, but continued the case and directed the Special Fund to produce an apportionment report.

"The purpose of [the statute] is to save employers and insurance carriers from liability . . . for stale claims of injured employees" (Matter of Riley v Aircraft Prods. Mfg. Corp., 40 NY2d 366, 369 [1976] [internal quotation marks and citation omitted]). Here, the 1999 claim was reopened in 2012, approximately 13 years after the December 3, 1999 injury and 12 years after the September 27, 2000 closing of the case. The Special Fund, however, asserts that the carrier continued to make payments on the 2005 claim that it knew were partially attributable to injuries sustained by claimant in connection with the 1999 claim and that, consequently, three years did not pass from the date of the last payment of compensation, thereby precluding liability from shifting under Workers' Compensation Law § 25-a. We note that "[p]ayments that are made voluntarily, and in recognition of the employer's liability, are considered advance compensation and will prevent the transfer of liability to the Special Fund" (Matter of Thurston v Consolidated Edison Co. of N.Y., 115 AD3d at 1144). Significantly, "whether an advance payment of compensation has been made is a factual question for the Board to resolve, and its determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed" (Matter of Guidice v The Herald Co., 88 AD3d 1175, 1176 [2011]).

Upon reviewing the record, substantial evidence supports the Board's finding that the carrier did not make an advance payment of compensation. There is no indication that the carrier knowingly made payments on the 2005 claim that were partially to compensate claimant for injuries sustained in connection with the 1999 claim. Although the independent medical reports prepared in connection with the 2005 claim indicate that his disability was caused, in part, by his preexisting condition, they did not establish that it was specifically due to his 1999 work-related injury. Thus, they did not put the carrier on notice that the payments it made were attributable to this prior injury. In addition, the medical report of the neurologist who treated claimant after both work-related injuries described the 1999 injury as a herniated disc to the lower right side of claimant's back and the 2005 injury as affecting the lower left side of his back and extremities, including his left leg, ankle and foot. The neurologist further noted that claimant successfully

recovered from surgery following the 1999 injury.  Inasmuch as the injuries sustained in the two accidents were distinctly different, and claimant recovered well from the 1999 injury, the Board could rationally conclude that the carrier did not voluntarily make payments on the 2005 claim knowing they also encompassed the 1999 claim.  In view of the foregoing, we find no basis to disturb the Board's decision shifting liability to the Special Fund pursuant to Workers' Compensation Law § 25-a under the circumstances presented here (see Matter of Clark v SUNY Upstate Med. Ctr., 73 AD3d 1408, 1409 [2010]; compare Matter of Scoppo v American Brake Shoe Co., 43 AD2d 603, 604 [1973]; Matter of Gillette v Staub & Son, 8 AD2d 896, 897 [1959]).  Furthermore, we do not find that the Board's decision constitutes a departure from its prior precedent.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court