In the Matter of the Claim of JAMES PIGNATARO, Respondent, against WESTCHESTER PARKWAY POLICE DEPARTMENT et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 28, 1958.

*George J. Hayes, Charles G. Tierney* and *Morris N. Lissauer* for appellants.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Bleakley & Harding* for claimant-respondent.

FOSTER, P. J., Appeal from a decision of the Workmen's Compensation Board which discharged the Special Fund for Reopened Cases from liability. The issue posed is whether the payment of an accidental disability retirement pension is a payment of compensation within the meaning of section 25-a of the Workmen's Compensation Law.

Claimant was employed as a patrolman in the Westchester Parkway Police Department. In October, 1938 he suffered injuries to his chest, stomach and back as the result of an automobile collision which happened in the line of duty. He returned to light duty one month after the accident and continued in that capacity until the latter part of 1943, when he was placed on regular duty. In February of 1944 he was forced to stop work on account of his back condition, and as of April 1, 1944 he was dropped from the payroll of the employer. Thereafter he applied for accidental disability retirement benefits, and, after an examination by the medical board of the New York State Employees' Retirement System, his application was granted and he was granted a pension of $118.12 which he has been receiving ever since.

Claimant filed a claim for compensation on November 18, 1938, in which he specified, among other injuries, an injury to his back. Several reports from a physician or physicians between 1939 and 1944 mention an injury to his back. These reports are cited because there is proof in the record that claimant was retired with a pension because of a back injury incurred in the line of duty as a result of the accident of 1938, and appellants argue that before the Workmen's Compensation Board causal relation was only established for a shoulder and chest injury. The record appears to demonstrate otherwise.

On May 2, 1945 the claim before the board was closed without prejudice after an adjudication had been made of the occurrence of an industrial accident, as well as causal relation. No award of compensation was made. In the meantime claimant had been permitted to retire by the Retirement System with a pension. This action was taken apparently without any reference to the proceeding before the Workmen's Compensation Board, as was then permissible under section 67 of the Civil Service Law. That statute then read:

" Payment of both pensions for accident and other benefits prohibited. a. If any benefits under the workmen's compensation law may be or become payable as the result of accidental disability or accidental death, no payment of any benefit shall be made pursuant to this article on account of such disability or death until there shall have been a final determination of the claim for workmen's compensation benefits. Pending such final determination, however, the comptroller may authorize payment of all or any part of the benefits payable under this chapter, and in that event, shall be entitled to reimbursement out of the unpaid installment or installments of compensation due under the workmen's compensation law provided that claim therefor is filed pursuant to the provisions of such law. Any pension, payable pursuant to this article on account of any such disability or death, shall be reduced by the amount of the benefits that are finally determined to be payable under the workmen's compensation law by reason of such disability or death. Such reduction shall be effectuated as follows ".

On September 30, 1954, some nine years after the claim before the Workmen's Compensation Board was closed the New York State Employees' Retirement System made an inquiry about the status of the claim before the board, and subsequently filed a claim for reimbursement. The board reopened the claim but made no award, for no claim for compensation was made by the claimant. It found however that the Retirement System had granted claimant a full disability retirement pension without

the exclusion of workmen's compensation benefits, and that the payment of this pension constituted the payment of compensation within the meaning of section 25-a of the Workmen's Compensation Law. Accordingly it discharged the Special Fund under section 25-a from any responsibility, the implication being that if any further medical or disability treatment is needed by claimant the employer and its carrier will be liable for it. Ordinarily an employer and its carrier are relieved from liability, under section 25-a, in a case that is reopened more than seven years after the date of injury where no payment of compensation has been made within three years of the reopening. Thus, if the board's finding that claimant's retirement pension was compensation, within the meaning of the statute, is correct then the Special Fund was properly relieved from future liability. It should be observed that the controversy does not directly involve the Retirement System. It is a controversy between the employer, its carrier and the Special Fund as to who may be liable for future compensation or medical benefits.

. It has been established public policy for many years that payments of accidental disability retirement pensions and for compensation benefits arising from the same injury are prohibited, except as to medical treatment and funeral expenses, and except where provisions for an offset are made (former section 67 of the Civil Service Law, now section 64 of the Retirement and Social Security Law). An accident disability pension as paid by the Retirement System is paid from two sources: (1) contributions by employees who are members, which go to make up what is known as the annuity part of the fund; (2) contributions, among others, by the employer which go to make up what is known as the pension part of the fund (Retirement and Social Security Law, §§ 21 to 23 inclusive; formerly covered in part by section 65 of the Civil Service Law). Both under the former Civil Service Law and the present section 63 of the Retirement and Social Security Law, a retirement allowance for accidental disability shall consist of an annuity which shall be the actuarial equivalent of employee's accumulated contributions plus a pension of three quarters of his final average salary. From this set-up it may be logically reasoned that it was not the legislative intent to consider, at least for compensation purposes, the Retirement System as a completely separate entity. The pension which the disabled member receives comes in part from contributions made by the employer, and it is not too far a cry from logic to reason that it is in part in the nature of compensation for accidental injuries,

particularly in view of the statutory prohibition against double payments and the fact that no offset has been allowed. The fact that retirement is permitted by a decision of the Retirement System and not the employer is not of controlling significance. By joining the system the employer makes the system its agent for that purpose.

The case of *Matter of Hyser* v. *City of New York* (273 App. Div. 1043) is not analogous for there the problem of separate identities was not presented. It was discussed to some extent in *Matter of Dalton* v. *City of Yonkers* (262 App. Div. 321) but that case dealt with an offset, and held that an award of compensation affects only the pension portion of an employee's retirement allowance and leaves his annuity unimpaired. This is in reverse of the problem presented here where no compensation was awarded. Under the circumstances as outlined we conclude that the board did not err in finding that the pension here constituted a substitute for compensation and hence a payment thereof.

The decision should be affirmed, with costs to the Special Funds Conservation Committee.

Bergan, Gibson, Herlihy and Reynolds, JJ., concur.

Decision affirmed, with costs to the Special Funds Conservation Committee.