■ In the Matter of the Claim of BERNARD S. GOLOMB, Respondent, against CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed by the City of New York in its Park Department in the position of "climber and pruner", which involved work on trees. On October 9, 1936 he was knocked out of a tree, fell to the ground and suffered fractures to the transverse processes of certain vertebrae which resulted in a permanent partial disability. Claimant was continued in the position which he had held before his injury, and from 1938 at least was paid the salary provided for this position; but never after the injury did the work of climbing and pruning and was assigned to lighter work. A claim for compensation was closed in 1949 pending a change in condition, upon a

showing in the record that claimant was performing light work at full wages. In 1955 claimant resigned his job at the request of the employer because of his inability to perform the duties of climber and pruner and became entitled to retirement benefits greatly smaller in amount than the salary he had been receiving; and he thereafter in the same year applied to the Workmen's Compensation Board to reopen his claim on the ground that there had been a change in conditions affecting his permanent partial disability. The board reopened the claim and made an award of compensation. The city contends that the claim is barred under section 25-a of the Workmen's Compensation Law, because more than seven years have elapsed since the injury in 1936 and more than three years have elapsed since the last payment of compensation pursuant to an award in 1938. The board has held that the assignment of claimant to lighter work at the same wages, which continued to a period within a few months of the filing of the application to reopen, constituted an advance payment of compensation which tolls the running of the time limits of section 25-a. The proof that claimant was assigned to lighter work at the same pay is overwhelming in the record. His general foreman testified that he was assigned to light duty in the park, "picking papers, sweeping, blowing a whistle, watchman". There is proof that some of the duties which claimant performed under the title climber and pruner were similar to those of a laborer or assistant gardner; but there is also proof that when claimant was assigned to the work of laborer and assistant gardener he "wasn't able to perform enough work" because of his disability. The controlling question on appeal is whether the work that claimant actually performed for the city was worth the salary that he received. If he had fully earned "his hire" in the work he did, the payments of salary over the years would not be in any "part" deemed "gratuitous" and hence not advance payments of compensation. (*Matter of Baker* v. *Standard Rolling Mills,* 284 App. Div. 433, 435.) On this question the board had before it proof that claimant was unable to perform and did not perform the full duties of the positions of laborer or assistant gardener; although he received the salary of climber and pruner. A letter appears in the city files addressed to its retirement system, written by one of claimant's superiors in connection with a retirement application pending in 1949 in which he stated that as a result of the accident in 1936 claimant "has been unable to perform the heavy duties required of a Climber and Pruner and has been assigned light duties, i.e., picking up papers and patrolling park areas". Even if it be assumed that he fully performed the duties of laborer and assistant gardener, the salaries in those classifications, although somewhat similar, were enough lower than the salary claimant was receiving to treat the salary actually paid as in some reasonable part gratuitous. For example, in 1953 the climber and pruner received $3,955.52 for a year of 263 days; the laborer $3,745 for 302 days and the assistant gardener $3,305 for 276 days. We think the advance payment of compensation is sufficiently established. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.