In the Matter of the Claim of GERARD RADCLIFFE, Respondent, v. COUNTY OF NASSAU, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeals by the self-insured employer from decisions of the Workmen's Compensation Board, filed February 13, 1968 and August 8, 1968, which discharged the Special Fund for Reopened Cases from liability under section 25-a of the Workmen's Compensation Law. Claimant, employed as a policeman by the Nassau County Police Department, was accidently shot in the abdomen on November 8, 1953 as he was removing a shotgun from a police car. Compensation in the form of reimbursement to the employer was paid for intermittent periods of lost time, and the case was closed on March 4, 1957 upon a finding of no further disability. On November 1, 1962 claimant was in an automobile accident while on police duty and sustained injuries to his neck and back. Compensation in the 1962 case was paid for several weeks, and the case was eventually closed pending the outcome of a third-party action which was later

settled without the consent of the employer. On June 16, 1965 claimant was relieved of all police duties and went on sick leave and performed no work thereafter. On July 26, 1965 Dr. Masoff, claimant's physician, reported to the employer that he had examined claimant on July 9, 1965; that claimant had pain in his right side for about four months with no relief; and that claimant had pain in his right side radiating to his lower back and down his left lower extremity, and requested authorization by the employer to hospitalize claimant for x rays and further treatment. Upon a C-4 medical report by Dr. Masoff filed August 13, 1965 which indicated recurrent back pain necessitating x rays and hospitalization, the Workmen's Compensation Board on August 26, 1965 reopened the 1953 case upon the report of changed condition and directed that the Special Fund be placed on notice. On August 2, 1965 claimant was admitted to the Smithtown General Hospital and placed in pelvic traction and bed rest. After consultation with Dr. Levitan and Dr. Stein, an operative procedure was done by Dr. Levitan and Dr. Stein to probe the 1953 shotgun wound. On August 16, 1965 claimant was fitted with a Knight Spinal Brace and was discharged from the hospital on August 17, 1965. On February 13, 1968 the board determined that claimant was receiving full pay for his disability in accordance with rule 11 of article 7 of the County Police for an injury on police duty; that claimant applied for and has been doing clerical work since February, 1964 "as he could not stand the cold weather"; that his assignment to light work in February, 1964 at full wages with knowledge that his disability was due to compensable injury constituted advance payment of compensation by the employer within three years from the application for reopening; and that claimant's disability is causally related to the 1953 accident. On August 8, 1968 the board made a finding that the testimony of Dr. Levitan related "only to the disability due to the 1953 accident"; denied the request of the employer that the Referee's decision relieving the Special Fund be reversed, and reaffirmed its decision of February 13, 1968. On this appeal the employer contends that claimant's disability is causally related to both accidents; that advance compensation was not paid the claimant, and the Special Fund should not have been relieved from liability. Respondent Special Fund contends that its discharge is supported by the facts and the law and that, in any event, there is no substantial evidence to support the board's finding that claimant's disability is attributable solely to the 1953 accident. At the hearings the Special Fund attempted to establish advance payments of compensation by the employer by reason of payments made to claimant after June 16, 1965 in accordance with rule 11 of article 7 governing the Nassau County Police Department and by reason of the claimant's assignment to clerical duty in the month of February, 1964 asserting that this was an assignment to light duty. The determination of the board clearly rejected the contention that the payments pursuant to article 7 after June 16, 1965 were advance payments of compensation. The board's determination that the payment of full salary to claimant after assignment to clerical duty in February, 1964 constituted advance compensation is not supported by the evidence or by the law. There is no evidence here that only disabled police officers were assigned to clerical duty, or that the claimant did not earn his wages and that the salary paid was actually a gratuity. "Compensation does not include wages paid for value received. If any part of wages are to be deemed an advance payment, such part must necessarily be found gratuitous. If an injured employee returns to work and fully earns his hire there is nothing gratuitous in such an arrangement. In that case the employer gives him nothing; he merely pays for the worth of services performed. Of course an employer may furnish work to an injured employee in the nature of a sinecure at full wages, and doubtless in such a case the board may, within

940

the range of its fact finding power, find the element of gratuity. * * * The test is whether the employer paid for something he did not get in the way of service." (*Matter of Baker* v. *Standard Rolling Mills*, 284 App. Div. 433; see, also, *Matter of Nesbitt* v. *Ellenville Elec. Co.*, 28 A D 2d 794; *Matter of Schaffner* v. *General Motors Corp.*, 12 A D 2d 556; *Matter of Puglia* v. *Sing Sing Prison*, 3 A D 2d 871.) In this record there is nothing of substance which indicates that the employer did not receive full value for claimant's wages, and the board's finding of advance payment of compensation must be reversed. The board's determination that claimant's disability is causally related only to the 1953 accident also finds no support in the record. The conclusion of the board that Drs. Levitan and Tolmach testified that claimant's disability was due to the 1953 accident finds no support in the record. Dr. Levitan limited his testimony to the treatment rendered claimant by reason of the 1953 accident and, although he stated that claimant would have pain due to the 1953 accident, he further testified that at the time he treated the claimant, he was also being treated for complaints in connection with his back injury on November 1, 1962, but that he treated claimant only for the shotgun injury and did not go into the back complaints. Dr. Levitan also testified that a spinal brace given claimant upon discharge from the hospital was for a low back injury and not by reason of the shotgun injury. While Dr. Tolmach testified that if claimant had an operation by reason of the gunshot wound, he would be disabled at that time, and this because of the 1953 accident, he also testified that if the claimant had left lower extremity pain, it would be from low back disability and apparently limited his testimony to the 1953 accident alone. The testimony of Drs. Levitan and Tolmach then are consistent with the testimony of Dr. Masoff to the effect that claimant's complaints of pain in the left lower extremity were due to the low back injury of 1962 and had nothing to do with the shotgun injury of 1953, and that the complaints were due to both accidents. He further testified that any pain from the shotgun wound would be local to the right side and would not radiate to the left lower extremity. Thus, there was no basis upon which the board could conclude that claimant's disability was due to the 1953 accident alone. Decisions reversed, with one bill of costs to appellant against the Workmen's Compensation Board and Special Fund for Reopened Cases, and matter remitted for further proceedings not inconsistent with this memorandum. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Staley, Jr., J.