In the Matter of the Claim of HAZEL SCHAEFER, Respondent, v INCORPORATED VILLAGE OF CEDARHURST et al.; Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed April 10, 1975, which discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from liability for an award of death benefits to claimant. The deceased employee herein, Ferdinand Schaefer, died on February 5, 1970 as a result of a myocardial infarction and liver congestion, and, by determination dated October 3, 1972, the board determined that his death was causally related to a compensable heart attack which he had suffered in 1958 while in the employ of the Village of Cedarhurst as a traffic line painter. Following his recovery in October of 1958, decedent resumed employment and continued working for the village until the time of his death. As noted above, the claimant widow was thereafter granted an award of death benefits, and her right thereto is not challenged on this appeal. The sole question presented here is whether the employer's carrier or the special fund is liable for claimant's award, and we find that the special fund is liable and that it was wrongfully discharged by the board. Section 25-a (subd 1, par [2]) of the Workmen's Compensation Law provides, in pertinent part, that the special fund shall be liable: "after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation". While respondent special fund seeks to be absolved from liability under this statute by arguing that decedent received compensation payments in the form of wages or salary within three years of the reopening of his case upon his death, we cannot agree that the record supports such a

result. Even though decedent was made a foreman after his return to work in 1958 and thereafter he was not required to do heavy work and was allowed greater freedom in determining his hours of work, these factors do not establish that his wages or salary in any way amounted to compensation payments. In such circumstances, the test to be applied is whether the employer was paying for something he did not receive in the way of service (*Matter of Radcliffe v County of Nassau,* 33 AD2d 938; *Matter of Baker v Standard Rolling Mills,* 284 App Div 433), and nothing of substance in the record indicates that this was the case. To the contrary, the village personnel manager testified that decedent was "one of the most dedicated and hard-working individuals" in the village's employ, and we find no evidence that he did not fully earn his hire or that there was anything gratuitous about his employment arrangement. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants filing briefs against the special fund for reopened cases. Herlihy, P. J., Sweeney, Koreman, Main and Reynolds, JJ., concur.