In the Matter of THEODORE KRYSTOFIK, Respondent, v GENERAL ELECTRIC COMPANY, Appellant, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 4, 1976

138

*Phillips, Lytle, Hitchcock, Blaine & Huber (Solon J. Stone* and *Barry Fish* of counsel), for appellant.

*Winchell, Connors & Corcoran* for Theodore Krystofik, respondent.

*George Cholet (John M. Cullen* of counsel), for Special Fund for Reopened Cases, respondent.

*Louis J. Lefkowitz, Attorney-General (Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. This is an appeal from a decision of the Workmen's Compensation Board, filed January 30, 1974, which held that the responsibility for the claim herein is on the self-insured employer and relieved the Special Fund under section 25-a of the Workmen's Compensation Law from liability.

The claimant lost his right leg in an industrial accident on August 21, 1953 and received a schedule award pursuant to which the last payment was made on March 3, 1959. The case had been closed on January 4, 1956 and the claimant returned to work on April 2, 1956 and continued to work for the appellant until November 20, 1959 when his job was abolished and there was no other work suitable for him. In September of 1962 the claimant applied for a disability pension from the employer and it was granted as of October 1, 1962. Claimant has been paid his pension regularly since January of 1963.

The board relying upon the case of *Matter of Craig v Palisades Interstate Park Comm.* (28 AD2d 797, mot for lv to app den 20 NY2d 642) has held that because the appellant granted the pension in part because of the claimant's physical disability resulting from the loss of his leg, the pension

payments are payments of compensation. Pursuant to subdivision 1 of section 25-a of the Workmen's Compensation Law the employer remains liable for reopened claims after the case is closed if compensation has been paid within three years of the application for further compensation.

The board, as contended by the appellant, has erred as a matter of law in finding that the *Craig (supra)* case is applicable to the present situation. The appellant's pension plan in its section VII provides for such a pension when an employee has 15 years of service and "who, while in the service becomes permanently incapacitated for further work". The pension plan does not require any occupational relationship to the cause of the disability.

Pensions which can only be granted on the basis of an occupational disability such as in the *Craig (supra)* case must be considered payments of compensation as to the occupationally caused disabilities for which they are granted. (See *Matter of Pignataro v Westchester Parkway Police Dept.,* 5 AD2d 523, affd 7 NY2d 848.) However, it is well established that payments by an employer which result solely from a finding of disability regardless of its cause are not advance payments of compensation. (See *Matter of Rivard v New York State Police State Campus,* 46 AD2d 34; *Matter of Steward v First Nat. City Bank of N.Y.,* 15 AD2d 622, mot for lv to app den 11 NY2d 645.)

The only evidence in the present record is that the employer granted disability pensions upon a finding that an employee meet the requirements of 15 years of service and suffered from a permanent incapacitation from further work. The board's application of the *Craig (supra)* case was error, as a matter of law, and its decision is not supported by substantial evidence.

The decision should be reversed, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the Special Fund.

KOREMAN, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Decision reversed, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the Special Fund.