■ In the Matter of the Claim of DENNIS FOGLIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed June 20, 1986.

Claimant, a New York City Housing Authority police officer, sustained a compensable injury to his right knee on November 21, 1974, resulting in a schedule loss of 10% of the right leg

and a closing of his case on November 21, 1975 following the last payment of compensation on November 19, 1975. On August 25, 1983, the case was reopened as a result of increased disability. At a subsequent hearing on April 9, 1984, the Special Fund for Reopened Cases was put on notice for possible liability under Workers' Compensation Law § 25-a, since the carrier was taking the position that the reopening was made after seven years from the date of accident and after three years from the last payment of compensation. At the hearing, claimant testified that he retired on September 13, 1983, but prior thereto and since July 1982, he had been on limited duty performing clerical work normally performed by civilians at less pay since he could not perform full-time duties as a police officer due to the injury to his right knee. During this period, which also included some periods of lost time due to his injury, claimant was paid his full salary as a police officer until his retirement. Accordingly, the Workers' Compensation Board has determined that there was an advanced payment of compensation so as to relieve the Special Fund from liability under Workers' Compensation Law § 25-a.

Whether there has been an advance payment of compensation so as to relieve the Special Fund from liability is a factual determination to be made by the Board, and, if supported by substantial evidence, must be sustained (*Matter of Urban v NYS Letchworth Vil.*, 91 AD2d 1090). Here, the record demonstrates that claimant received the same wages for lighter work. Accordingly, in our view, there is substantial evidence to support the determination of the Board (*see, Matter of Tremblay v Warren County Westmount Sanatorium*, 24 AD2d 658).

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.