In the Matter of the Claim of GEORGE J. NICKEL, Respondent, v KINGS PARK PSYCHIATRIC CENTER et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [860 NYS2d 678]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 13, 2006, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant injured his back while working for the employer on April 29, 1991, and he received workers' compensation benefits for the period April 30, 1991 through May 28, 1991. A Workers' Compensation Law Judge (hereinafter WCLJ) authorized symptomatic treatment and closed the case in September 1992. On May 28, 1996, claimant sustained another injury while working for the same employer. In August 1997, a WCLJ reopened the 1991 case to travel with the 1996 case. In 1999 and again in 2000, the WCLJ authorized back surgery with respect to the

1991 case. At a September 18, 2000 hearing, the WCLJ closed both cases without prejudice to the State Insurance Fund (hereinafter the carrier) seeking apportionment of the awards in the 1996 case against claimant's 1991 injury. The 1996 case was closed in December 2001 as the result of a settlement pursuant to Workers' Compensation Law § 32.

In February 2006, claimant applied to reopen the 1991 case by submitting a C-27 form signed by his treating physician establishing a change in his medical condition related to his 1991 injury. The carrier opposed the application on the basis that liability had shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. The WCLJ ruled that Workers' Compensation Law § 25-a did not apply and removed the Special Fund from the case. The Workers' Compensation Board, however, reversed this decision and ruled that liability had shifted to the Special Fund under Workers' Compensation Law § 25-a, finding that the case had been truly closed in 1992. This appeal by the Special Fund ensued.

We reverse. It is clear, and the parties agree, that the critical "true closing" date for this case is September 2000 not September 1992. This issue was properly preserved but not reached by the Board. Because the Board relied on a clearly erroneous closing date for the 1991 case, its decision is not supported by substantial evidence and must be reversed and the matter remitted to the Board to exercise its fact-finding responsibility to resolve this issue (*see Matter of Spector v New York City Bd. of Educ.*, 292 AD2d 741, 742 [2002]; *Matter of Findling v Community Gen. Hosp.*, 280 AD2d 798, 799 [2001]).

Spain, J.P., Lahtinen, Kane and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.