■ In the Matter of DOMINIC IANNACI, Claimant, v INDEPENDENT CEMENT CORPORATION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [887 NYS2d 357]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed April 7, 2008, which, among other things, ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related injury in 1992 and received workers' compensation benefits until 2001, when his case was closed. In 2007, the employer's workers' compensation carrier requested that the claim be reopened to determine whether Workers' Compensation Law § 25-a was applicable. Accompanying the request was an incomplete Workers' Compensation Law § 25-a affidavit executed by claimant.* At an August 2007 hearing, the Special Fund for Reopened Cases asserted that further development of the record, either through a completed affidavit or claimant's own testimony, was necessary before a determination as to the applicability of Workers' Compensation Law § 25-a could be made. A Workers' Compensation Law Judge disagreed and, finding that the relevant time periods had been met under Workers' Compensation Law § 25-a, shifted liability to the Special Fund.

Prior to the Workers' Compensation Board's consideration of the Special Fund's appeal, claimant submitted a complete Workers' Compensation Law § 25-a affidavit in which he indicated that he had been given lighter duties as a result of his injury,

---

* The affidavit sought information relevant to claimant's work history subsequent to the closing of his case, including whether he lost time or had been given lighter duties during the three-year period preceding the application to reopen.

but that his wages did not change. The Board affirmed the Workers' Compensation Law Judge's decision declining further development of the record and transferring liability to the Special Fund pursuant to Workers' Compensation Law § 25-a, finding that "there is absolutely no evidence to support [the Special Fund's] contention" that claimant may have received an advance payment of compensation. Upon this appeal by the Special Fund, we now reverse.

Pursuant to Workers' Compensation Law § 25-a, liability shifts from the employer to the Special Fund where an application to reopen a closed case is made more than seven years from the date of injury and three years following the last payment of compensation (*see Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc.*, 59 AD3d 757, 758 [2009]; *Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d 829, 830 [2005], *lv dismissed* 7 NY3d 783 [2006]). "Advance payments that are made voluntarily, in recognition of an employer's liability, are payments of compensation" for purposes of determining the applicability of Workers' Compensation Law § 25-a (*Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 874 [2008] [citation omitted]; *see Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d at 830). Thus, evidence that a claimant received full wages despite performing limited or light duties may result in a finding that advance payments have been made (*see Matter of Reeves v Pfizer & Co.*, 22 NY2d 950, 952 [1968]; *Matter of Foglia v New York City Hous. Auth.*, 132 AD2d 762, 763 [1987]; *Matter of Tremblay v Warren County Westmount Sanatorium*, 24 AD2d 658, 658 [1965]). Although the Board's determination as to whether Workers' Compensation Law § 25-a is applicable in a given case must be upheld if supported by substantial evidence (*see Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc.*, 59 AD3d at 758; *see also Matter of Foglia v New York City Hous. Auth.*, 132 AD2d at 763), it cannot be sustained "when it is clearly based on incorrect facts or an inaccurate reading of the record" (*Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 738 [2003], *lv dismissed* 2 NY3d 823 [2004]; *see Matter of Hayes v Nassau County Police Dept.*, 59 AD3d 831, 832 [2009]; *Matter of Nickel v Kings Park Psychiatric Ctr.*, 52 AD3d 1130, 1131 [2008]).

Here, the Board's determination that Workers' Compensation Law § 25-a was applicable was based upon an erroneous finding that there was "no evidence" that claimant received an advance payment of compensation within three years of the date of the application to reopen his claim. Claimant's completed affidavit—which the Board expressly considered upon its review—revealed that he received the same wages for lighter work, which

could constitute an advance payment of compensation relieving the Special Fund from liability (*see Matter of Reeves v Pfizer & Co.*, 22 NY2d at 952; *Matter of Foglia v New York City Hous. Auth.*, 132 AD2d at 763; *Matter of Tremblay v Warren County Westmount Sanatorium*, 24 AD2d at 658; *Matter of Golomb v City of New York*, 8 AD2d 874, 875 [1959]). Given this evidence, it was error for the Board to deny further development of the record on the issue of advance payments of compensation. " 'The test is whether the employer paid for something [it] did not get in the way of service' " (*Matter of Radcliffe v County of Nassau*, 33 AD2d 938, 940 [1970], quoting *Matter of Baker v Standard Rolling Mills, Inc.*, 284 App Div 433, 436 [1954]) and, in the absence of any proof regarding the nature of claimant's light duty work, the Board could not assess whether an advance payment was made for the purposes of determining the applicability of Workers' Compensation Law § 25-a. Accordingly, the Board's decision is not supported by substantial evidence and the matter must be remitted for further development of the record on this issue (*see Matter of Nickel v Kings Park Psychiatric Ctr.*, 52 AD3d at 1131).

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.