In the Matter of the Claim of GRACE McLEAN, Respondent, v AMSTERDAM NURSING HOME et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [897 NYS2d 800]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed November 17, 2008, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related injury in July 1996 and received workers' compensation benefits until March 1997, when she returned to work and her case was closed. In 2006, claimant applied to reopen her case and, following a hearing where claimant testified, a Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that liability for the claim had shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. On review, the Workers' Compensation Board modified the WCLJ's decision, finding that claimant's testimony did not establish liability pursuant to the statute and held that decision in abeyance pending the submission of further evidence. Following the employer's submission of evidence that claimant was absent from work, due to her 1996 work-related injury, for numerous days from 2002 to 2005, a different WCLJ found the Special Fund liable for the claim pursuant to Workers' Compensation Law § 25-a. On review, the Board affirmed and the Special Fund now appeals.

"Whether Workers' Compensation Law § 25-a is applicable in a given case is an issue of fact for the Board, and its determination must be upheld if supported by substantial evidence" (*Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 873-874 [2008] [citations omitted]; *accord Matter of Lauritano v Consolidated Edison Co. of N.Y., Inc.*, 59 AD3d 757, 758 [2009]). Liability under the statute transfers to the Special Fund when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation (*see* Workers' Compensation Law § 25-a [1]). Notably, "[a]dvance payments that are made voluntarily, in recognition of an employer's liability, are payments of compensation" (*Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d at 874). However, "[w]ages paid and credited to accumulated sick leave are not payments of compensation" (*Matter of Brock v Great A & P Tea Co.*, 84 AD2d 645, 646 [1981], *appeal withdrawn* 56 NY2d 593 [1982]; *accord Matter of Faison v City of N.Y. Dept. of Human Resources*, 24 AD3d 829, 830 [2005], *lv dismissed* 7 NY3d 783 [2006]).

The Special Fund contends that the Board's determination shifting liability for this claim pursuant to Workers' Compensation Law § 25-a is not supported by substantial evidence. We

agree. In making a determination as to whether the employer made an advance payment of compensation, the Board initially concluded that it was not established by claimant's hearing testimony whether she utilized sick time for the dates that she was out of work from 2002 to 2005 and remitted the matter for further development of the record. The only additional evidence subsequently presented was a C-11 form submitted by the employer that confirms the amount of time missed, but does not address whether claimant utilized sick time for any or all of the time. In the absence of proof regarding the manner in which claimant was compensated for the time absent from work, the Board could not properly assess whether the employer made an advanced payment of compensation precluding a transfer of liability to the Special Fund. Accordingly, we conclude that the Board's determination is not supported by substantial evidence and the matter must be remitted for further development of the record on this issue (*see Matter of Iannaci v Independent Cement Corp.*, 66 AD3d 1194, 1196 [2009]).

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.