■ In the Matter of the Claim of ALBERT STRANAHAN, Respondent, v CAMP ADIRONDACK et al., Respondents, and SPECIAL

FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [910 NYS2d 313]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed August 24, 2009, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant, a correction officer, sustained a work-related injury to his back and left knee in 1992 and received workers' compensation benefits for a short time thereafter. A separate workers' compensation claim was established when claimant injured his left knee in 2000, and he successfully sought disability retirement benefits. Claimant subsequently underwent a knee replacement and, in 2008, sought additional benefits, arguing that his disability arose in part from the 1992 injury. This prompted an effort by the employer and its workers' compensation carrier to shift liability for that claim to the Special Fund for Reopened Cases. The Workers' Compensation Board granted the application of the employer and carrier, and the Special Fund now appeals.

We reverse. Workers' Compensation Law § 25-a shifts liability for a claim "from the employer to the Special Fund where an application to reopen a closed case is made more than seven years from the date of injury and three years following the last payment of compensation" (*Matter of Iannaci v Independent Cement Corp.*, 66 AD3d 1194, 1195 [2009]; *see Matter of McLean v Amsterdam Nursing Home*, 72 AD3d 1309, 1310 [2010]). The Special Fund asserts that claimant's continuing receipt of disability retirement benefits constituted advance payments of compensation within the three-year period. We note that the Board's determination of that factual issue will be upheld if supported by substantial evidence in the record (*see Matter of McLean v Amsterdam Nursing Home*, 72 AD3d at 1310; *Matter of Foglia v New York City Hous. Auth.*, 132 AD2d 762, 763 [1987]).

Retirement benefits that can be awarded only "on the basis of an occupational disability . . . must be considered payments of compensation" for purposes of Workers' Compensation Law § 25-a, while those "result[ing] solely from a finding of disability regardless of its cause are not advance payments of compensation" (*Matter of Krystofik v General Elec. Co.*, 54 AD2d 137, 139 [1976]; *see Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 874 [2008]; *Matter of Pignataro v Westchester Parkway Police Dept.*, 5 AD2d 523, 526-527 [1958], *affd*

7 NY2d 848 [1959]). Claimant received a type of disability retirement benefit that requires the underlying disability to be work-related only if an applicant has less than 10 years of service credit at the time the application for benefits is filed (*see* Retirement and Social Security Law § 507-a [b] [1], [3]; *Matter of Biondi v McCall*, 239 AD2d 837, 838 [1997]). Upon this record, it is impossible to discern whether claimant had over 10 years of service credit. Accordingly, the Board's finding that his receipt of disability retirement benefits was not predicated upon his occupational disability is not supported by substantial evidence, and this matter must be remitted for further development of the record.

Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.