■ In the Matter of the Claim of Andrew J. DeFayette, Appellant, v Verizon et al., Respondents. Workers' Compensation Board, Respondent. [914 NYS2d 398]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed March 25, 2009, which ruled that claimant is not entitled to lost time awards from November 18, 2003 to September 13, 2007.

Claimant suffered a compensable injury to his left shoulder in May 2002.* He was awarded workers' compensation benefits for intermittent lost time from May 17, 2002 to November 18, 2003, with subsequent compensable lost time awards held in abeyance. In December 2005, the claim was amended to include an injury to claimant's right shoulder. Thereafter, claimant began filing requests for further action alleging that he was not working and was not receiving benefit payments attributable to this claim. Ultimately, claimant was awarded benefits for compensable lost time for the period from September 13, 2007 to November 5, 2008, but any award for lost time from November 18, 2003 until September 13, 2007 was specifically held in abeyance. Following a hearing, a Workers' Compensation Law Judge denied compensable lost time awards for November 18, 2003 to September 13, 2007. The Workers' Compensation Board affirmed upon review, and claimant appeals.

A decision of the Board cannot be upheld "when it is clearly

---

* Claimant also suffered compensable work-related injuries to his right knee in 2000 and to his back in 2003.

based on incorrect facts or an inaccurate reading of the record" (*Matter of Evans v Jewish Home & Hosp.*, 1 AD3d 736, 738 [2003], *lv dismissed* 2 NY3d 823 [2004]; *accord Matter of Lopez v Superflex, Ltd.*, 31 AD3d 914, 914 [2006]). Here, the Board affirmed the Workers' Compensation Law Judge's denial of awards for compensable lost time from November 18, 2003 to September 13, 2007 purportedly based upon findings on this issue in prior decisions of the Board. Our review of the record, however, reveals no prior determinations by the Board regarding this matter. As the Board's determination is not supported by substantial evidence in the record, the decision must be reversed and the matter remitted to the Board to engage in its fact-finding role to resolve the issue (*see Matter of Nickel v Kings Park Psychiatric Ctr.*, 52 AD3d 1130, 1131 [2008]; *Matter of Spector v New York City Bd. of Educ.*, 292 AD2d 741, 742 [2002]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.