■ In the Matter of the Claim of Toni Guidice, Respondent, v The Herald Company et al., Respondents, and Special Fund for Reopened Cases, Appellant. Workers' Compensation Board, Respondent. [931 NYS2d 766]—

Egan Jr., J.

In August 2000, claimant filed a claim for workers' compensation benefits based upon her development of bilateral carpel tunnel syndrome during the course of her employment. Claimant thereafter underwent bilateral endoscopic carpel tunnel release and, as of January 30, 2004, was cleared to return to work without restrictions. Claimant's case subsequently was established for a 15% schedule loss of use and an award of compensation was made. In January 2006, claimant again underwent surgery, following which she returned to work. Over the course of the next two years, claimant worked at times without any restrictions and, on other occasions, was subject to varying degrees of restriction.

In March 2009, the employer's workers' compensation carrier sought to transfer liability for the claim to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. A Workers' Compensation Law Judge granted the carrier's application and, upon review, the Workers' Compensation Board affirmed. The Special Fund now appeals.

We reverse. Pursuant to Workers' Compensation Law § 25-a, "[l]iability for a claim shifts to the Special Fund where a workers' compensation case that was fully closed is reopened more than seven years after the underlying injury occurred and more than three years after the last payment of compensation" (*Matter of Clark v SUNY Upstate Med. Ctr.*, 73 AD3d 1408, 1408 [2010]; *see Matter of Stranahan v Camp Adirondack*, 78 AD3d 1369, 1370 [2010]). Although the Special Fund argues on appeal that the statutory requirements have not been met because the carrier's application was filed less than three years after the last payment of compensation was made in February 2006, we note that this argument—although raised before the Workers' Compensation Law Judge—was not raised in the Special Fund's application for Board review. Hence, we deem this issue to be unpreserved (*see Matter of Martin v New York Tel.*, 46 AD3d 1136, 1137 n [2007]; *see also Matter of Brown v New York City Dept. of Correction*, 74 AD3d 1592, 1592 [2010]).

We do, however, find merit to the Special Fund's remaining contention—namely, that the record on its face presents a factual question regarding whether claimant received an advance payment of compensation. To be sure, whether an advance payment of compensation has been made is a factual question for the Board to resolve, and its determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed (*see Matter of Stranahan v Camp Adirondack*, 78 AD3d at 1370; *Matter of McLean v Amsterdam Nursing Home*, 72 AD3d 1309, 1310 [2010]). Here, while there indeed is no proof that claimant sustained any compensable lost time since February 2006 or that her schedule loss of use award thereafter was adjusted, the record nonetheless reflects that claimant has remained symptomatic and, more to the point, has—at various times—worked under either no restrictions or different levels of restriction since that date.* In this regard, "evidence that a claimant received full wages despite perform-

---

* According to the reports filed by claimant's treating physician, claimant returned to "full duty without restrictions" in February 2006, was subject to "permanent restrictions of no pagination over thirty minutes a day and no keying over four hours per day" in May 2006, "remain[ed] at work without restrictions" in September 2006 and, as of July 2007, was working under

ing limited or light duties may result in a finding that advance payments [of compensation] have been made" (*Matter of Iannaci v Independent Cement Corp.*, 66 AD3d 1194, 1195 [2009]). Accordingly, in view of the various restrictions under which claimant did (or did not) work during the relevant time period, we cannot say that the Board's decision is supported by substantial evidence. We therefore remit this matter for such further development of the record as will enable the Board to ascertain whether "the employer paid for something [it] did not get in the way of service" (*Matter of Radcliffe v County of Nassau*, 33 AD2d 938, 940 [1970] [internal quotation marks and citation omitted]).

Mercure, J.P., Peters, Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

"restrictions of no more than four hours of keyboarding and one and a half hours of pagination" per day.