■ In the Matter of the Claim of David Schroeder, Respondent, v US Foodservice et al., Respondents, and Special Fund

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June 14, 2012, which ruled that Workers' Compensation Law § 25-a is applicable to claimant's award of workers' compensation benefits.

In March 2003, claimant suffered a work-related injury to his back and was awarded workers' compensation benefits. Claimant returned to work the following month and the case was subsequently closed. Claimant continued to work for the employer and received symptomatic medical treatment for his work-related injury through his retirement in 2009. In August 2010, the employer sought to shift liability for the claim to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. At a hearing, the Special Fund sought further development of the record, which did not include either an affidavit or testimony by claimant with respect to whether claimant had received any advance payments from his employer that could prevent the shifting of liability to the Special Fund. The Workers' Compensation Law Judge denied the request and determined that the last compensation payment was made in April 2003 and that liability shifted to the Special Fund as of August 2010. On review, the Workers' Compensation Board affirmed, finding that there was no evidentiary basis for the Special Fund's argument that advance payments may have been made. The Special Fund now appeals. We reverse.

Workers' Compensation Law § 25-a provides for the transfer of liability to the Special Fund "when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation" (*Matter of McLean v Amsterdam Nursing Home*, 72 AD3d 1309, 1310 [2010]; *see* Workers' Compensation Law § 25-a [1]; *Matter of Iannaci v Independent Cement Corp.*, 66 AD3d 1194, 1195 [2009]). Advance payments that are made voluntarily during the relevant time frame, in recognition of an employer's liability, are considered compensation and will prevent the shifting of liability to the Special Fund (*see Matter of McLean v Amsterdam Nursing Home*, 72 AD3d at 1310; *Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 874 [2008]). Notably, "evidence that a claimant received full wages despite performing limited or light duties may result in a finding that advance payments [of compensation] have been made" (*Matter of Guidice v Herald Co.*, 88 AD3d 1175, 1176-1177

[2011] [internal quotation marks and citation omitted]). Whether an advance payment of compensation was made to the claimant is a factual issue for the Board to resolve and, "its determination . . . , if supported by substantial evidence in the record as a whole, will not be disturbed" (*id.* at 1176; *see Matter of Stranahan v Camp Adirondack*, 78 AD3d 1369, 1370 [2010]).

The record contains numerous progress reports from claimant's chiropractor indicating that, from December 2005 until his retirement in March 2009, claimant worked for the employer but was disabled from regular duty. Claimant did not testify or submit an affidavit, and the record is otherwise silent regarding whether he performed lighter duties and, if so, whether he received full wages; "in the absence of any proof . . . the Board could not assess whether an advance payment was made for the purposes of determining the applicability of Workers' Compensation Law § 25-a" (*Matter of Iannaci v Independent Cement Corp.*, 66 AD3d at 1196). Thus, the Board's decision is not supported by substantial evidence and, accordingly, we must remit the matter for further development of the record with respect to this issue (*see Matter of Guidice v Herald Co.*, 88 AD3d at 1177; *Matter of Iannaci v Independent Cement Corp.*, 66 AD3d at 1196).*

Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* The Board's reliance on *Matter of Brock v Great A & P Tea Co.* (84 AD2d 645 [1981]) was misplaced. There, the "employer conceded that [the] claimant was paid for lost time within three years of the application to reopen with knowledge that the lost time was a result of the . . . injury" (*id.* at 646). We then held that payments made through a sick-leave plan or accumulated sick-leave are not advance payments of compensation within the meaning of Workers' Compensation Law § 25-a (*id.; see McLean v Amsterdam Nursing Home*, 72 AD3d at 1311). The Board here correctly noted that the record does not indicate that claimant was paid for lost time; indeed, this argument was never advanced by the Special Fund. The Board, however, failed to address the issue that *was* raised by the Special Fund and addressed herein, namely, whether claimant worked restricted or lighter duties while receiving full compensation from the employer, which would constitute advanced payments under Workers' Compensation Law § 25-a (*see Matter of Guidice v Herald Co.*, 88 AD3d at 1177; *Matter of Iannaci v Independent Cement Corp.*, 66 AD3d at 1196).