Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed June 15, 2012, which ruled that Workers’ Compensation Law § 25-a is applicable to claimant’s award of workers’ compensation benefits.
In October 2003, claimant was injured at work and was awarded workers’ compensation benefits. Claimant thereafter returned to work and the case was closed. Claimant continued to receive regular medical treatment for her work-related injuries and the employer eventually sought to shift liability for the claim to the Special Fund for Reopened Cases pursuant to Workers’ Compensation Law § 25-a. At a hearing, the Special Fund sought the testimony of claimant on the issue of whether she had received any advance payments of compensation from the employer that could prevent the shifting of liability to the Special Fund. The Workers’ Compensation Law Judge denied the Special Fund’s request and determined that liability shifted as of October 2010. On review, the Workers’ Compensation Board affirmed. The Special Fund now appeals.
“Worker’s Compensation Law § 25-a provides for the transfer of liability to the Special Fund ‘when an application to reopen a closed case is made more than seven years from the date of injury and more than three years after the last payment of compensation’ ” (Matter of Schroeder v US Foodservice, 107 AD3d 1135, 1136 [2013], quoting Matter of McLean v Amsterdam Nursing Home, 72 AD3d 1309, 1310 [2010]). “Advance payments that are made voluntarily, in recognition of an employer’s liability, are payments of compensation” for purposes of Workers’ Compensation Law § 25-a (Matter of Fuentes v New York City Hous. Auth., 53 AD3d 873, 874 [2008] [citations omitted]). Thus, even where the requisite time periods have elapsed, if a claimant has — during the relevant time period — received advance payment of benefits in the form of full wages for the performance of light or limited duty work, liability is not appropriately shifted due to those advance payments (see Matter of Schroeder v US Foodservice, 107 AD3d at 1136; Matter of Guidice v Herald Co., 88 AD3d 1175, 1176-1177 [2011]). Here, the record contains numerous progress reports from claimant’s chiropractor indicating that she has been working for the employer since November 2004 with restrictions. Inasmuch as the record does not contain an affidavit or testimony of claimant or any other evidence regarding whether claimant was performing light or limited duties and, if so, whether she received full wages, we find that the Board’s decision is not supported by substantial evidence and the matter must be remitted for fur *1043 ther development of the record (see Matter of Schroeder v US Foodservice, 107 AD3d at 1137; Matter of Guidice v Herald Co., 88 AD3d at 1176-1177; Matter of Iannaci v Independent Cement Corp., 66 AD3d 1194, 1196 [2009]).
Stein, J.E, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.