*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                    519152
_____

In the Matter of THOMAS H.
    GREENWOOD,
                        Claimant,

        v                                   MEMORANDUM AND ORDER

INLAND FISHER GUIDE et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

_____

        Falge & McLean, PC, North Syracuse (Dean LaClair of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed August 27, 2013, which modified a decision of a Workers'
Compensation Law Judge by increasing the award rate payable to
claimant as a result of his permanent partial disability.

        In 1994, accident, notice and causal relationship were
established for claimant's chest strain injury and an award of
compensation was set at a weekly rate of $400 from March 3, 1993
until the date of his retirement on June 6, 1993.  In 1996,
claimant's attorney requested a hearing to resolve additional

issues, including the extent of claimant's disability and possible reduced earnings. Ultimately, by decision dated August 9, 2000, the Workers' Compensation Board affirmed the April 22, 1999 decision of the Workers' Compensation Law Judge (hereinafter WCLJ) finding that claimant, who was permanently partially disabled as a result of the work-related injury, had not voluntarily withdrawn from the labor market. The Board's decision also affirmed the WCLJ's subsequent May 18, 1999 decision that continued claimant's compensation awards at various rates and period of time from June 1, 1993 through April 21, 1999, with continued payments thereafter of $400 less reimbursement to the employer of $175.

In 2010, apparently in connection with an offer to settle claimant's case in accordance with Workers' Compensation Law § 32, an issue arose as to whether reimbursement payments of $175 were in fact made to the employer in connection with payments made to claimant. The employer's workers' compensation carrier was directed to produce a copy of the pension plan, as well as all reimbursement payments made to the employer from 1999 to date. Although documentation establishing the $225 weekly payments to claimant from April 21, 1999 to the present was submitted, no records could be produced of any payments made to the employer to substantiate the $175 reimbursement. In addition, because the 1999 hearing transcript had been destroyed, the basis for the May 18, 1999 WCLJ decision directing reimbursement to the employer could not be ascertained. As a result, the WCLJ, among other things, made certain assumptions in ultimately setting a tentative reduced earnings rate of $225 per week to claimant. The Board modified that decision, finding that the employer was no longer entitled to reimbursement given the employer's failure to submit evidence "that its disability benefits plan continued to pay claimant benefits subsequent to April 21, 1999" and continued claimant's weekly award rate at $400 as of April 21, 1999. The employer and its carrier appeal.

Upon our review of the record, we find that the Board's decision is not supported by substantial evidence. Contrary to the Board's findings, there is no indication in the record that suggests any disability payments to claimant were paid by the employer's "disability benefits plan" either before or after his

retirement such that there was a need to reimburse the employer. Rather, the record establishes that claimant received workers' compensation benefits prior to his retirement and, following his retirement, claimant sought compensation based upon his limited workplace participation as a machinist due to his injury, thereby implicating his entitlement to reduced earnings. Significantly, following the WCLJ's finding that claimant did not voluntarily leave the work force, the notice of hearing stated, and other documents in the record confirm, that the purpose of the next hearing was "questions of reduced earnings" and directed claimant to "produce records of earnings since retirement." Nevertheless, the Board's decision at issue herein does not address any reduced earnings award, but bases the award on the employer's entitlement to reimbursement in connection with disability benefit plan payments. Other than the WCLJ's May 18, 1999 decision, it is impossible to discern any evidence in the record that any disability payments were made pursuant to a plan by the employer that would lead to a situation involving the need for reimbursement to the employer. As the Board's finding that claimant was entitled to a $400 award is predicated upon the employer's failure to produce evidence regarding payments pursuant to its "disability benefit plan," we find that the decision is not supported by substantial evidence in the record (see generally Matter of Schroeder v U.S. Foodservice, 107 AD3d 1135, 1137 [2013]; Matter of Stranahan v Camp Adirondack, 78 AD3d 1369, 1371 [2010]). Accordingly, and despite the fact that the 1999 hearing transcript was destroyed, the matter must be remitted for further development of the record as to whether claimant ever received or was even entitled to disability payments subsequent to April 21, 1999 and to address the absence of a reduced earnings award in the decision at issue herein.

We need not address claimant's remaining argument in light of the foregoing.

Rose, Devine and Clark, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court