*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    519255
_____

In the Matter of the Claim of
    RONALD BORDINO,
                        Respondent,

        v

CONSOLIDATED EDISON CO. OF NY,
    INC., et al.,
                        Appellants,
        and                                    MEMORANDUM AND ORDER

SPECIAL FUND FOR REOPENED
    CASES,
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____

        Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of
counsel), for appellants.

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Fund for Reopened
Cases, respondent.

                    _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed September 6, 2013, which ruled that liability did not shift
to the Special Fund for Reopened Cases pursuant to Workers'

Compensation Law § 25-a.

Claimant worked as an electrical splicer for Consolidated Edison Co. of NY, Inc. (hereinafter the self-insured employer) for many years. He experienced serious respiratory problems after being exposed to noxious vapors at work on October 26, 1995 and filed a claim for workers' compensation benefits. His claim was established for causally related occupational disease, specifically chronic asthma and reactive airway disease. Claimant continued to work after filing this claim and received medical treatment for his respiratory problems. On January 8, 2002, he sustained a work-related back injury and filed another claim for workers' compensation benefits for which he was classified as having a permanent partial disability. In the latter part of 2002, claimant retired from his position and subsequently received payments from the self-insured employer under a disability retirement plan.

In 2011, the self-insured employer, through its claims administrator, made an application for further action seeking to shift liability for claimant's benefits under the 1995 claim to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Following hearings, a Workers' Compensation Law Judge found that Workers' Compensation Law § 25-a was inapplicable and discharged the Special Fund. A panel of the Workers' Compensation Board upheld this decision and the self-insured employer and its third-party administrator now appeal.

The sole issue presented is whether the self-insured employer's payment of disability retirement benefits were attributable to claimant's 1995 occupational disease and constituted an advance payment of compensation precluding liability from being shifted to the Special Fund pursuant to Workers' Compensation Law § 25-a. We note that "'whether an advance payment of compensation has been made is a factual question for the Board to resolve, and its determination in this regard, if supported by substantial evidence in the record as a whole, will not be disturbed'" (Matter of Wetterau v Canada Dry, 124 AD3d 1165, 1167 [2015], quoting Matter of Guidice v Herald Co., 88 AD3d 1175, 1176 [2011]; see Matter of Foglia v New York

City Housing Auth., 132 AD2d 762, 763 [1987]).  Notably,
"[r]etirement benefits that can be awarded only 'on the basis of
an occupational disability . . . must be considered payments of
compensation' for purposes of Workers' Compensation Law § 25-a,
while those 'result[ing] solely from a finding of disability
regardless of its cause are not advance payments of
compensation'" (Matter of Stranahan v Camp Adirondack, 78 AD3d
1369, 1370 [2010], quoting Matter of Krystofik v General Elec.
Co., 54 AD2d 137, 139 [1976]; see Matter of Brock v Great A & P
Tea Co., 84 AD2d 645, 646 [1981], appeal dismissed 56 NY2d 593
[1982]; see also Matter of Pignataro v Westchester Parkway Police
Dept., 5 AD2d 523, 526-527 [1958], affd 7 NY2d 848 [1959]).

Here, claimant testified that he retired from his position
due to a number of health concerns, including his respiratory
problems that were the basis for his occupational disease claim.
Notably, in the medical evaluation prepared by claimant's
treating physician, the physician referenced claimant's
respiratory problems as a reason for his retirement.[1]
Furthermore, claimant received a disability retirement pension,
as opposed to a regular retirement pension, after he left his
job.  Although claimant retired the same year that he injured his
back, this does not, without more, establish that his retirement
was solely due to his back injury.  Under the circumstances
presented, we find that substantial evidence supports the Board's
finding that the disability retirement payments received by
claimant were at least partially due to his occupational disease
and that such payments, therefore, constituted an advance payment
of compensation for purposes of Workers' Compensation Law § 25-a
(see Employer: Great Meadow Correctional Fac., 2011 WL 4847545,
2011 NY Wrk Comp LEXIS 5696 [WCB No. 5971 9336, Oct. 3, 2011]).
Accordingly, the Board properly discharged the Special Fund from
liability.

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

---

[1]  Although the physician misstated the date of claimant's
retirement, this did not detract from his observation that
claimant's respiratory problems were a reason for claimant's
retirement.

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court